IN RE ESTATE OF LENORE S. BENSON, DECEASED.
DORIS P. CLUTTER, APPELLANT, V. GRACE G. MERRICK ET AL.,
APPELLEES.

77 N. W. 2d 572

Filed June 22, 1956. No. 33953.

*Melvin Moss,* for appellant.

*Denney & Denney,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Lenore S. Benson, a resident of Jefferson County, died May 24, 1955. An instrument purporting to be the will of the deceased and a petition seeking its probate were filed in the county court of that county. An order for hearing was entered, notice was given as required by law, the matter was heard by the county court at the time designated in the order, and the instrument purporting to be the will was admitted to probate as the will of the deceased. Doris P. Clutter, a niece and heir at

law of the deceased, within the time and manner allowed by law, prosecuted an appeal to the district court from an order of the county court probating the instrument. Grace G. Merrick, a beneficiary named therein, and Irl Else, nominated therein as executor, timely filed in the district court a petition for probate of the instrument as the will of the deceased and for the appointment of Irl Else as executor of the will and estate of the deceased. Doris P. Clutter filed an answer to the petition setting forth objections to and legal reasons why the instrument should not be probated as the will of the deceased. Doris P. Clutter had not appeared in the county court by pleading, evidence, or otherwise in an effort to contest and defeat the probate of the instrument as the will of the deceased. Grace G. Merrick by motion asked the district court to strike six of the seven numbered paragraphs of the answer of appellant to the petition of appellees because they each contained matter that was not pleaded in the county court in opposition to the probate of the instrument involved, were not a part of the issues tried in that court, constituted a departure, and were irrelevant and surplusage. The motion was sustained and Grace G. Merrick then requested that the appeal be dismissed "because the record discloses that no issue was raised in the County Court." This was granted and a judgment of dismissal of the appeal was rendered. This appeal is from that judgment.

Appellant claims that she was a party to this proceeding in the county court; that she, as heir of the deceased, was a person against whom an order and decree was made by the county court when it admitted the instrument involved in this matter to probate as the will of the deceased; that she was affected thereby; and that by virtue thereof she was legally qualified to appeal from the order and decree of the county court to the district court. The appellees assert that appellant was not competent to appeal from the order and decree of probate of the instrument rendered by the county court

because she made no actual appearance in the cause or objections to the probate of the instrument as the will of the deceased in the county court.

The relevant provisions of section 30-217, R. R. S. 1943, are: "When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, together with a petition for its probate, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by publication under an order of such court, in such newspaper printed in this state as the judge shall direct, three weeks successively, and no will shall be proved until notice shall be given as herein provided * * *." The only pleading specified by statute concerning the procedure for the probate of a will in a county court is "a petition for its probate" mentioned in the above quotation. Prior to the amendment of 1921 the statute did not contain the words now therein "together with a petition for its probate" and there was no requirement for any pleading in the procedure for the probate of a will in the county court. Laws 1921, c. 151, § 1, p. 632; § 1303, R. S. 1913.

In re Estate of Sweeney, 94 Neb. 834, 144 N. W. 902, concerned the probate of the will of Bridget Sweeney which was proposed by petition of the person named therein as executor. The State of Nebraska objected to its probate because the deceased, as it alleged, died without heirs; and that at the time the will was executed the testator was not of sound mind and was incapable of making any testamentary disposition of property. There was no other objector in the county court. The instrument offered as the will of the deceased was denied probate. The proponent prosecuted an appeal to the district court. Two heirs of the deceased who had not made an appearance in the proceedings in the county court by objection to the probate of the instrument or otherwise filed a petition of intervention in the district

court. They pleaded lack of testamentary capacity and unsoundness of mind of the deceased when the instrument was made; and that it was the product of undue influence and improper acts of the chief beneficiary therein and her family. There were two proponents in the district court. They moved to dismiss the petition of intervention because the interveners were not qualified to intervene; that it was filed too late; that the proceedings were begun and tried in the county court and were pending on appeal; and that the petition changed the issues presented to and tried by the county court. The motion was denied and the intervention was permitted. The State of Nebraska made no appearance in the district court. Probate was disallowed in that court and the proponents prosecuted an appeal to this court. They contended that the intervention was too late; that the interveners could have appeared and objected in the county court before the trial was had there but that thereafter they were precluded from appearing and contesting in any other court to which the case was taken; and that they could not in any event appear in the district court and interject into the record a new or additional objection to the probate of the will that had not been made in the county court. This court in disposing of the case said: "Where the court is called upon to determine the probate of a will, it is acting upon the *res* of the estate, and when an appeal is taken from the county court by the executors to the district court it removes the whole case to the district court, and all parties interested in the distribution are necessarily parties in the district court and are entitled to be heard there." The opinion contains the following: "The appellants contend, first, that the Burchills should not have been permitted to intervene after the case had been appealed to the district court. This question seems to have been considered in In re Estate of Creighton, 91 Neb. 654. In that case it is said in the second paragraph of the syllabus: 'An order of the county court

in the settlement of an estate, by which distribution is made of the assets, is appealable to the district court; the proceeding being *in rem*, all persons interested in the assets are parties. If A asks for an order of distribution that will exclude B from participation in the assets, he cannot afterwards object to the appearance of B to protect his interest in the county court, or afterwards upon appeal to the district court.' * * * 'The proceeding in the probate court to settle the estate of a decedent is a proceeding *in rem*. Every one interested is a party in the probate court, *whether he is named or not* * * *. Everybody interested in that distribution is a party to the proceeding, whether he has appeared in the probate court in the proceeding or not, and so, if the state, in behalf of this charity, was interested in the distribution of the assets in the probate court, it was necessarily a party before that court, *whether it appeared there or not.* The court was acting upon the *res* of the estate, and not upon the persons interested in it. Therefore, it seems to follow that, when an appeal was taken by the executors to the district court, it removed the whole case to the district court, and all parties interested in the distribution were necessarily parties there and entitled to be heard.' It would seem that the position of this court in that case is amply sustained by the authorities and by reason of the rule."

In In re Estate of Nilson, 126 Neb. 541, 253 N. W. 675, the propriety of a creditor of the estate filing a pleading in the district court in a proceeding pending therein on appeal from a decision of the county court in a matter which was a part of the administration of the estate was contested. A motion to strike the pleading was denied. This court discussed the matter in this manner: "The county court has original and exclusive jurisdiction in the settlement of estates by which distribution is made of the assets, and its final orders are binding upon all persons. The proceeding is *in rem*. All persons interested in the assets are considered parties

in the county court, whether named or not, and they may appear for the purpose of protecting their interests in the county court or on appeal to the district court. Appeal to the district court removes the whole case to the district court, and all persons interested in the distribution are necessary parties in the district court and entitled to be heard there. (Numerous cases are cited.) These cases also dispose of the appellant's contention that the creditor, not having filed any pleadings in the county court, should not have been permitted to file an answer in the district court or appear as a party therein." See, also, In re Estate of Creighton, 91 Neb. 654, 136 N. W. 1001, Ann. Cas. 1913D 128; In re Estate of Bayer, 116 Neb. 670, 218 N. W. 746; In re Estate of Sautter, 142 Neb. 42, 5 N. W. 2d 263; Johnson v. Marsh, 146 Neb. 257, 19 N. W. 2d 366; O'Connor v. Stanley, 54 F. 2d 20.

The appellant, as heir of the deceased, was interested in her estate and appellant was of necessity a party to the proceedings in the county court for the probate of the instrument claimed to be the will of the deceased whether or not she was named or actually appeared therein and offered contest to the probate of the instrument as the will of the deceased. A proceeding in a county court to probate a will is in rem and every person interested is a party thereto and may appear and participate therein in the proceeding in that court or on appeal to the district court. In re Estate of Sweeney, *supra;* In re Estate of Creighton, *supra;* In re Estate of Nilson, *supra;* In re Estate of Sautter, *supra;* Johnson v. Marsh, *supra;* Rohn v. Kelley, 156 Neb. 463, 56 N. W. 2d 711.

The order and decree of the county court admitting the instrument involved to probate as the will of the deceased was a final order within the meaning of the statute authorizing appeals in probate matters. Appellant, a party to the proceeding, was a person against whom the order and decree was made and she was

affected thereby. § 30-1601, R. R. S. 1943. Doris P. Clutter precisely qualified as an appellant from the order and decree of probate made by the county court in this matter. She was forever bound by the order and decree of probate made by the county court if she permitted the time for appeal to elapse without complying with the requirements for an appeal to the district court. The county court is vested by the Constitution and statutes of the state with exclusive, original jurisdiction in all matters concerning the probate of wills and the settlement of estates of deceased persons. The adjudication by the court of a matter within its authority is, unless appealed from, final and not subject to collateral attack. In re Estate of Creighton, *supra;* Rohn v. Kelley, *supra.*

Appellant was qualified to prosecute an appeal from an adjudication of the county court that the instrument proposed for probate was the will of the deceased. She timely and duly exercised that right. She was entitled to appear by pleading and otherwise and contest the validity of that instrument as the will of the deceased in the district court.

The judgment should be and it is reversed and the cause is remanded with directions to the district court of Jefferson County to overrule the motion of appellees to strike the answer of appellant and for further proceedings in accordance with law.

REVERSED AND REMANDED WITH DIRECTIONS.