Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/02/2021 08:09 AM CDT

In re Estate of Michael R.
Brinkman, deceased.
Nicole Brinkman, appellee, v. Seth Michael
Brinkman and Kimberly Milius, Personal
Representative of the Estate of Michael
R. Brinkman and as parent and next
friend of Seth Michael Brinkman,
a minor, appellants.

___ N.W.2d ___

Filed January 8, 2021.    No. S-20-235.

1. **Jurisdiction: Statutes.** Subject matter jurisdiction and statutory inter-
   pretation present questions of law.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
3. **Judgments: Appeal and Error.** An appellate court independently
   reviews questions of law decided by a lower court.
4. **Wills: Trusts.** The interpretation of the words in a will or a trust pre-
   sents a question of law.
5. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing
   questions of law in a probate matter, an appellate court reaches a conclu-
   sion independent of the determination reached by the court below.
6. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the
   power of a tribunal to hear and determine a case in the general class or
   category to which the proceedings in question belong and to deal with
   the general subject matter involved.
7. **Decedents' Estates: Appeal and Error.** Nebraska's statutory grant of
   the right to appeal under Neb. Rev. Stat. § 30-1601(2) (Cum. Supp.
   2018) is generous.
8. **Decedents' Estates: Wills: Intent.** The cardinal rule concerning a
   decedent's will is the requirement that the intention of the testator shall
   be given effect, unless the maker of the will attempts to accomplish

a purpose or to make a disposition contrary to some rule of law or public policy.

9. **Wills.** When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible.

10. **Decedents' Estates: Wills.** A latent ambiguity exists when the testator's words are susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in themselves, but upon those words when applied to the object or subject which they describe.

11. **Wills: Intent: Words and Phrases.** A patent ambiguity is one which exists on the face of an instrument and must be removed by interpretation according to legal principles, and the intention of the testator must be found in the will.

12. **Words and Phrases.** The word "include" means to contain, embrace, or comprise, as a whole does parts or any part or element; to place in an aggregate, class, category, or the like; and to contain as a subordinate element or involve as a factor.

13. **Decedents' Estates: Wills.** A testator will not be held to have disinherited an heir except where that conclusion is impelled by the express provisions or by necessary implication from provisions specifically set forth.

Appeal from the County Court for Douglas County: Grant A. Forsberg, Judge. Affirmed.

Joseph D. Thornton, of Smith Peterson Law Firm, L.L.P., for appellants.

Ryan P. Watson and Jeffrey A. Wagner, of Wagner, Meehan & Watson, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
## NATURE OF CASE
Nicole Brinkman, the daughter of testator Michael R. Brinkman, claimed to be entitled to one-half of the residual share of her father's testamentary estate and sought a declaration of her rights under her father's will in the county court

for Douglas County. The personal representative for the estate, Kimberly Milius, and the decedent's son, Seth Michael Brinkman, through Milius' appearing as his next friend, claimed that the decedent had disinherited Nicole. The county court agreed with Nicole and determined as a matter of law that the will is ambiguous with regard to Nicole's status under the will; that Nicole is not clearly disinherited; and that Nicole should receive as a child, an issue, and an heir of the decedent pursuant to the terms of the will. This appeal filed by Milius and Seth followed. We affirm.

## STATEMENT OF FACTS

Michael died on December 23, 2016, leaving two children, Nicole and Seth. Michael's will was admitted for probate, naming Milius as personal representative. Milius is Seth's mother, but not Nicole's mother. Nicole is the older of the two children. Nicole objected to the probate of the will and claimed that she was entitled to an undivided one-half interest in the estate, less personal effects. Milius appeared for Seth as next friend.

Previously, we considered a jurisdictional issue in this matter. *Brinkman v. Brinkman*, 302 Neb. 315, 923 N.W.2d 380 (2019). In that opinion, we determined that for purposes of construing the will in this case, the county court had jurisdictional priority over the district court. *Id*. The matter was remanded to the county court, resulting in the order from which this appeal was taken.

The relevant portions of the will for purposes of this appeal are as follows:

### ARTICLE I.

The references in this Will to my "son" refer to my son, SETH MICHAEL BRINKMAN. The references in this Will to my "children" and/or my "issue" shall include my son, SETH MICHAEL BRINKMAN, and all children of mine born or adopted after the execution hereof."

. . . .

## ARTICLE V.

*I give the residue of my estate to my issue, <u>per stirpes</u>.*
. . . .

## ARTICLE VII.

If at any time before final distribution there shall not be in existence anyone who is, or might become, entitled to receive benefits under the foregoing provisions of this Will, any portion remaining shall be distributed to the persons to whom and in the proportions in which the same would have been distributed had I died intestate, domiciled in the State of Nebraska, owning such assets immediately following the death of the last survivor of the class composed of my issue and myself.

(Emphasis supplied.) Nicole is not mentioned by name in the will.

On remand, Nicole filed a motion to construe the will and contended that an ambiguity exists in the term "issue" and asserted that a proper construction of "issue" included both Nicole and Seth. Milius contended that the will was not ambiguous and that its terms disinherited Nicole. Following a hearing, the county court found, inter alia, that the will is patently ambiguous with regard to whether Michael specifically intended to disinherit Nicole. The court interpreted the will and found that its language does not serve to disinherit Nicole. The court reasoned that the portion of the will defining "children" and/or "issue" states they "shall include my son, SETH MICHAEL BRINKMAN" and such terms do not clearly disinherit Nicole. The county court examined definitions of "include" and reasoned:

The Court notes that the inclusion of a named individual that was born out of wedlock clearly adds that individual to an otherwise identified group of heirs. Potentially to avoid an attack that he should be excluded. The word include does not mean it's [sic] opposite. Simply put, to include is not to exclude. To include the named individual merely adds him to the otherwise definition of "children" and "issue."

Thus, the county court determined that Nicole, as the decedent's daughter, is included under the will as a child, an issue, and an heir of Michael.

Milius and Seth filed a motion to alter or amend the order, which was denied.

An appeal was taken by Seth, individually, and Milius, representing the estate and also purporting to act as next friend to Seth. During the pendency of the case, the parties agree that Seth turned 19 years old and reached the age of majority as defined under Neb. Rev. Stat. § 43-2101 (Supp. 2019).

## ASSIGNMENTS OF ERROR

Seth and Milius assign, summarized and restated, that the county court erred when it (1) determined that the will is patently ambiguous with respect to Nicole's status and (2) found that Nicole is not excluded from the definition of "children" and "issue" as defined by the will, which they claim served to expressly disinherit Nicole.

## STANDARDS OF REVIEW

[1-3] Subject matter jurisdiction and statutory interpretation present questions of law. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Id*. An appellate court independently reviews questions of law decided by a lower court. *Id*.

[4,5] The interpretation of the words in a will or a trust presents a question of law. *In re Estate of Barger*, 303 Neb. 817, 931 N.W.2d 660 (2019). When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *Id*.

## ANALYSIS

*Subject Matter Jurisdiction.*

As an initial matter, we note that during the pendency of this appeal, Nicole challenged our subject matter jurisdiction

over this case based on the statuses of Seth and Milius. As we explain below, we conclude we have jurisdiction.

[6] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *In re Estate of Adelung, supra*. Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Id*. Appellate jurisdiction must be specifically provided by the Legislature for this court to have jurisdiction over an appeal. See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). "[U]nless a statute provides for an appeal, such right does not exist." *Id.* at 461, 894 N.W.2d at 299.

[7] In probate cases, Neb. Rev. Stat. § 30-1601(2) (Cum. Supp. 2018) provides that "[a]n appeal may be taken by any party *and* may also be taken by any person against whom the final judgment or final order may be made or who may be affected thereby." (Emphasis supplied.) We have described Nebraska's statutory grant of the right to appeal in these cases as "generous." See *In re Conservatorship of Franke*, 292 Neb. 912, 923, 875 N.W.2d 408, 417 (2016). Compare Unif. Probate Code § 1-308, 8 (part I) U.L.A. 70 (2013).

We have previously explained that the distribution of assets from an estate is a proceeding in rem and that every person interested in the distribution is entitled to appear on appeal. See *Clutter v. Merrick*, 162 Neb. 825, 77 N.W.2d 572 (1956). Heirs of the decedent are interested persons. See *id*. Under § 30-1601(2), Seth, individually, as an heir to Michael, was directly "affected" by the county court's "final order" ruling that Nicole is also an heir under the decedent's will, and therefore, Seth was enabled by statute to appeal, even if he had not appeared below.

Section 30-1601(2) also enables "any party" to take an appeal. Milius, as personal representative of the estate, was a party in the county court. Nicole's contention that Milius, as personal representative, lacks standing on appeal is without merit.

Finally, we note that in addition to her status as personal representative, Milius also identified herself as next friend to Seth in the notice of appeal. However, because Seth is no longer a minor and instead is appearing individually in this appeal, Milius' previous next friend status is irrelevant. Accordingly, we have jurisdiction and overrule Nicole's motion to dismiss.

## Construction of Will.

We next turn to Seth and Milius' assignments of error regarding the county court's construction of the will. They generally object to Nicole's taking under the will. They specifically contend that the will is not ambiguous or that if it is ambiguous, such ambiguity is latent, and under the terms of the will, Nicole was expressly disinherited by her exclusion from the definition of "children" and "issue." These assignments are without merit.

[8] The cardinal rule concerning a decedent's will is the requirement that the intention of the testator shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. *In re Estate of Etmund*, 297 Neb. 455, 900 N.W.2d 536 (2017). To arrive at a testator's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will. *Id*.

[9,10] When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible. *Id*. Ambiguity exists in an instrument, including a will, when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable interpretations or meanings. *Id*. Parol evidence is inadmissible to determine the intent of a testator as expressed in his or her will, unless there is a latent ambiguity therein which makes his or her intention obscure or uncertain. *In re Estate of Mousel*, 271 Neb. 628, 715 N.W.2d 490 (2006). A latent ambiguity exists when the

testator's words are susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in themselves, but upon those words when applied to the object or subject which they describe. *Id*.

[11] In contrast, a patent ambiguity is one which exists on the face of an instrument. *Id*. A patent ambiguity must be removed by interpretation according to legal principles, and the intention of the testator must be found in the will. *Id*.

The dispute regarding construction of the will focuses on articles I and V, which we set forth below:

### ARTICLE I.

The references in this Will to my "son" refer to my son, SETH MICHAEL BRINKMAN. The references in this Will to my "children" and/or my "issue" shall include my son, SETH MICHAEL BRINKMAN, and all children of mine born or adopted after the execution hereof.

. . . .

### ARTICLE V.

*I give the residue of my estate to my issue, per stirpes*. (Emphasis supplied.)

Contrary to the assertions of Seth and Milius, we agree with the county court and conclude that by using the word "include," article I contains a patent ambiguity which must be removed by harmonizing the expression therein with the intention of the testator as it may be ascertained from the plain provisions of the will. See *Marsh v. Marsh*, 92 Neb. 189, 137 N.W. 1122 (1912). As indicated above, in searching for the intention of the testator, the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. *Gretchen Swanson Family Foundation, Inc. v. Johnson*, 193 Neb. 641, 228 N.W.2d 608 (1975).

[12] We previously considered the generally understood meaning of the word "include" in a contract case in which we were presented with the question of whether the word

"include," on its own, was expansive or restrictive. Turning to dictionary and legal definitions, we explained:

> The word "include" means "1. To contain, embrace, or comprise, as a whole does parts or any part or element . . . 2. to place in an aggregate, class, category, or the like. 3. To contain as a subordinate element; involve as a factor." . . . [T]hese definitions support the conclusion that enumerated items in a list preceded by the word "include" are normally a part of the whole—not that the parts restrict the whole. Particularly in legal contexts, the "participle *including* typically indicates a partial list," and this meaning holds true whether or not the drafter(s) added emphatic language such as "*including but not limited to*." Obviously, interpretative aids cannot override the parties' clear intent when a contract is considered as a whole. But the word "include" preceding a list does not indicate an exclusive list absent other language showing a contrary intent.

*Timberlake v. Douglas County*, 291 Neb. 387, 398, 865 N.W.2d 788, 797 (2015).

We find the foregoing explanation of the word "include" applicable to the construction of the will in this case. The word "include" in article I precedes a "list" of persons who are to be added to the previously identified "children" and "issue." The definition of "issue" thus includes the "list" composed of Seth and the decedent's children born or adopted after the execution of the will.

Article V bequeaths the residue of the estate to the decedent's "issue," per stirpes. Under the default definition provided of "issue of a person" in the Nebraska Probate Code, Nicole is a linear descendant and thus a child or issue of Michael. Neb. Rev. Stat. § 30-2209(23) (Reissue 2016) provides that "[i]ssue of a person means all his or her lineal descendants of all generations, with the relationship of parent and child at each generation being determined by the definitions of child and parent contained in the Nebraska Probate Code." Consistent with the statutory provision, Nicole is not

excluded from Michael's use of "issue" simply because he wished to note that Seth and other children born or adopted later should be included. To include is not to exclude in this context. And, article I's reference to "issue" is consistent with our conclusion under article I that both Seth and Nicole take under the will.

[13] In order to complete our analysis, we must review the will to determine whether Michael intended to disinherit Nicole from the definition of "children" or "issue" based on any other provisions of the will read in harmony with the provisions discussed above. "'[A] testator will not be held to have disinherited an heir except where that conclusion is impelled by the express provisions or by necessary implication from provisions specifically set forth.' . . ." *Jacobsen v. Farnham*, 155 Neb. 776, 784, 53 N.W.2d 917, 922 (1952). We have explained that an heir may not be disinherited upon conjecture and that the heir "'"is favored by . . . policy; and though the testator may disinherit [the heir], yet the law will execute that intention only when it is put in a clear and unambiguous shape." . . .'" *Lowry v. Murren*, 195 Neb. 42, 45, 236 N.W.2d 627, 630 (1975).

No express statement disinherits Nicole or otherwise provides that she not receive from the estate, and we will not speculate as to Michael's intentions not contained in his will. A close examination of the entirety of the will is contrary to the suggestion of Seth and Milius to the effect that Nicole was disinherited. For example, article VII states:

> If at any time before final distribution there shall not be in existence anyone who is, or might become, entitled to receive benefits under the foregoing provisions of this Will, any portion remaining shall be distributed to the persons to whom and in the proportions in which the same would have been distributed had I died intestate, domiciled in the State of Nebraska, owning such assets immediately following the death of the last survivor of the class composed of my issue and myself.

Under this provision, Michael acknowledges that if Seth (and any issue of Seth) predecease Michael, Nicole will inherit by operation of law as though the estate had passed intestate. This provision was an opportunity to disinherit Nicole had Michael chosen to do so; he did not. We reject the contention of Seth and Milius that Michael intended to disinherit Nicole in his will and did so expressly. Milius and Seth's assignments of error are without merit.

## CONCLUSION

Giving full effect to the intentions of Michael as expressed in the language of his will, we find no error by the county court which concluded that Nicole was not disinherited and, to the contrary, that Nicole was entitled to inherit under the provisions of the will.

Affirmed.