Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:04 AM CST

In re Estate of Filadelfo (Jack) Scaletta, deceased.
Carl Scaletta, Jr., et al., appellees,
v. Carl Scaletta, Sr., appellant.

___ N.W.2d ___

Filed November 18, 2022.    No. S-22-115.

1. **Jurisdiction.** The question of jurisdiction is a question of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken.
5. **Final Orders: Words and Phrases.** To be final, an order must dispose of the whole merits of the case. When no further action of the court is required to dispose of a pending cause, the order is final.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Riedmann and Welch, Judges, on appeal thereto from the County Court for Douglas County, Jeffrey L. Marcuzzo, County Court Judge. Judgment of Court of Appeals affirmed.

M. H. Weinberg, of Weinberg & Weinberg, P.C., for appellant.

Dennis P. Lee, of Lee Law Office, for appellee Carl Scaletta, Jr.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Carl Scaletta, Sr. (Carl Sr.), appealed to the Nebraska Court of Appeals from the order of the Douglas County Court that ruled on his petition for trust administration. The Court of Appeals dismissed the appeal for lack of jurisdiction pursuant to Neb. Ct. R. App. P. § 2-107(A)(1) (rev. 2022). We granted Carl Sr.'s petition for further review. Based on our reasoning set forth below, we agree with the Court of Appeals' conclusion that the order from which Carl Sr. attempts to appeal was not a final order, and we therefore affirm the dismissal of the appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Filadelfo Scaletta, also known as Jack Scaletta (Jack), died in February 2021. Jack left a will that named his nephew, Carl Scaletta, Jr. (Carl Jr.), as personal representative. Letters of personal representative evidencing Carl Jr.'s appointment in the Douglas County probate division, estate case No. PR21-1539, are found in the record. The provisions of the will transferred most of Jack's assets to the Filadelfo (Jack) Scaletta Revocable Living Family Trust (the Trust). Although created on the same day as the will, June 26, 2020, the Trust's existence was separate from the will. Jack named Carl Jr. as trustee of the Trust, and he also named Carl Jr. as his agent pursuant to a power of attorney. Among the beneficiaries of the Trust were Carl Jr. and Carl Sr., who is Carl Jr.'s father and Jack's brother.

On September 7, 2021, Carl Sr. filed a "Petition for Trust Administration Proceeding" with regard to the Trust. Carl Sr. stated that among the reasons he wished to initiate a trust administration action was the fact that after Jack's death, Carl Jr. had transferred to the Trust two bank accounts that Carl Sr. asserted were designated as payable on death (POD) to him. Carl Sr. further stated that he was "requesting records and an accounting with regard to the handling of as[s]ets placed

in the FILADELFO (JACK) SCALETTA TRUST and then handled thereafter [and Carl Sr. was] requesting a declaratory judgment as to the proper disposition of assets pursuant to Neb. Rev. Stat. [§] 25-21,152 [(Reissue 2016)]." We note that the petition for trust administration was filed in the estate case, No. PR21-1539.

In his response to Carl Sr.'s petition, Carl Jr. conceded that the two accounts should have passed to Carl Sr. based on the POD designation and should not have been transferred to the Trust after Jack's death. Carl Jr. therefore requested that the court grant the relief requested by Carl Sr. with respect to those two accounts. But Carl Jr. stated in the response that after Carl Sr. had filed his petition, Carl Sr. had identified four additional accounts that Carl Sr. asserted Carl Jr. had improperly transferred to the Trust before Jack died. Carl Jr. asserted that the transfers prior to Jack's death were authorized and that therefore, the POD designations on those accounts were no longer in effect on the date Jack died. Carl Jr. requested that the court deny Carl Sr.'s requested relief with respect to all accounts other than the two that were transferred after Jack's death.

The county court held a hearing on the issues raised by the pleadings regarding, inter alia, the various bank accounts transferred to the Trust before and after Jack's death. On February 18, 2022, the county court filed an order on what it described as Carl Sr.'s "Petition for Trust Administration and Request for Declaratory Judgment." The court first addressed how the property of the Trust was to be divided among the beneficiaries under the terms of the Trust. Certain specified real property was to be divided between Carl Sr. and Carl Jr., and the remaining unspecified property was to be divided among three beneficiaries with Carl Jr. receiving 50 percent and Jack's sister and Carl Sr. each receiving 25 percent.

The court then addressed the four bank accounts that had been transferred to the Trust in June and July 2020, prior to Jack's death. The court determined that because those

accounts had been transferred prior to Jack's death, the POD designations did not prevent the accounts from being properly transferred to the Trust. The county court further determined that the transfers were properly made by Carl Jr. pursuant to his authority under the power of attorney and received as trustee of the Trust and that therefore, those assets should remain in the Trust and be divided among the beneficiaries according to the provisions of the Trust.

The court then addressed the two bank accounts that had been transferred to the Trust in March 2021, after Jack's death. The court found in its order that each account had been transferred to the Trust by Carl Jr. The court noted that each account named Carl Sr. as the POD designee, and the court stated that at the moment of Jack's death, the POD designations went into effect and the accounts passed to Carl Sr. The court determined that the transfer of those two accounts to the Trust after Jack's death was "without authorization or proper authority" and that therefore, the two accounts should be distributed to Carl Sr.

Based on these findings and determinations, the county court ordered that Carl Sr.'s motion for declaratory judgment with regard to the four accounts transferred prior to Jack's death was denied and that the accounts were properly assets of the Trust. The county court further ordered that Carl Sr.'s motion for declaratory judgment with regard to the two accounts transferred after Jack's death was granted, and the court ordered Carl Jr. as trustee to distribute the balance of the accounts plus interest from the Trust to Carl Sr. The county court finally ordered that "the Trustee of the Revocable Living Family Trust, Carl . . . Jr., is to provide a complete Accounting to all interested parties no later than March 1, 2022, unless previously submitted and/or accepted by the parties."

Carl Sr. filed a notice of appeal on February 22, 2022. Before Carl Sr. filed a brief of appellant, the Court of Appeals dismissed the appeal with the following minute entry: "Appeal dismissed. See Neb. Ct. R. App. P. § 2-107(A)(1). County

court's treatment of account transfers made prior to decedent's death can be effectively considered on an appeal from the final judgment. See In re Estate of Rose, 273 Neb. 490, 730 N.W.2d 391 (2007)." The Court of Appeals denied Carl Sr.'s motion for rehearing.

We granted Carl Sr.'s petition for further review.

## ASSIGNMENT OF ERROR

Carl Sr. claims that the Court of Appeals erred when it determined that the county court's order was not a final, appealable order and when it therefore dismissed his appeal for lack of jurisdiction.

## STANDARDS OF REVIEW

[1,2] The question of jurisdiction is a question of law. *Tegra Corp. v. Boeshart*, 311 Neb. 783, 976 N.W.2d 165 (2022). An appellate court independently reviews questions of law decided by a lower court. *Heist v. Nebraska Dept. of Corr. Servs., ante* p. 480, 979 N.W.2d 772 (2022).

## ANALYSIS

[3] It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Tegra Corp. v. Boeshart, supra.* Therefore, it was appropriate for the Court of Appeals to consider whether the county court's order was final and whether it had jurisdiction over this appeal. We independently review the Court of Appeals' determination that it lacked appellate jurisdiction.

As the first step in our analysis, it is necessary to clarify the nature of the proceeding that was being addressed in the county court's February 18, 2022, order that Carl Sr. seeks to appeal. The Court of Appeals' minute entry cites to a case involving a decedent's estate proceeding, and in his argument in opposition to Carl Sr.'s motion for rehearing in the Court of Appeals, Carl Jr. relied on cases involving decedents' estates. However, in his brief in support of further review, Carl Sr.

relies on cases involving administration of trusts, and he argues in part that the county court's order that he seeks to appeal was not preliminary to or "interrelated to a subsequent" determination of the estate, brief for appellant in support of petition for further review at 6, notwithstanding the fact that the caption on the order sought to be appealed states that the order is "In the Matter of the Estate of Filadelfo (Jack) Scaletta, deceased." Whether the county court's order is related to administration of the Trust or whether it is a part of Jack's estate proceeding is relevant to our analysis of whether the order is a final, appealable order.

Carl Sr. filed a petition for trust administration proceeding pursuant to Neb. Rev. Stat. § 30-3812 (Reissue 2016), which provides:

> (a) The court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law.
>
> (b) A trust is not subject to continuing judicial supervision unless ordered by the court.
>
> (c) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights.

On its face, Carl Sr.'s petition sought, inter alia, a declaration of rights under § 30-3812(c).

We further note that Neb. Rev. Stat. § 30-3814 (Reissue 2016) provides in relevant part that "the county court has jurisdiction over all subject matter relating to trusts"; that the "county court has full power to make orders, judgments, and decrees and take all other action necessary and proper to administer justice in the matters which come before it"; and that "[e]ach proceeding before the court is independent of any other proceeding involving the same trust." In his petition, Carl Sr. stated that he was "requesting records and an accounting with regard to the handling of as[s]ets placed in" the Trust and that he was also seeking "a declaratory judgment

as to the proper disposition of assets" that were placed in the Trust. We agree with Carl Sr. that the matter initiated by Carl Sr. and now before us involves the Trust.

In the February 18, 2022, order, the county court stated that it was ruling on Carl Sr.'s petition for trust administration, and it specifically limited its ruling to issues that involved the Trust. The court found that the actions taken by Carl Jr. in transferring assets to the Trust were taken by him as the trustee of the Trust. The county court ruled on requests for declaratory judgments regarding the propriety of those transfers made by Carl Jr. as trustee. The county court further ordered Carl Jr. as "the Trustee of the . . . Trust" to submit an accounting and provide an accounting to interested parties. We determine, therefore, that the order Carl Sr. seeks to appeal involved a county court ruling in a trust action regarding the Trust and that the order was not a ruling on matters of the estate.

In the process of this case, some confusion may have been created in the minds of the courts and the parties, because, as we have noted, although the petition filed by Carl Sr. was titled in the name of the Trust, the matter was assigned the estate proceeding's case number. In this regard, as we have noted, the county court's February 18, 2022, order ruling on the petition for trust administration was captioned in the name of Jack's estate rather than the name of the Trust.

We take this opportunity to warn against mingling separate trust actions with ongoing estate proceedings. Proceedings in a decedent's estate are governed by statutes that are part of the Probate Code. See Neb. Rev. Stat. § 30-2201 (Cum. Supp. 2020) (setting forth statutory sections that are part of Nebraska Probate Code). By contrast, trusts are governed by the Nebraska Uniform Trust Code, Neb. Rev. Stat. §§ 30-3801 through 30-38,110 (Reissue 2016 & Cum. Supp. 2020), and in particular, trust administration actions are authorized by § 30-3812. Section 30-2201 does not designate the Nebraska Uniform Trust Code as being part of the Nebraska Probate Code. Trust actions and estate proceedings are currently

governed by separate statutory sections. Separate statutory paths are consistent with the historical treatment of trusts and estates. Historically, matters related to trusts were considered part of a court's inherent chancery jurisdiction rather than a court's probate jurisdiction. See *In re Estate of Frerich*, 120 Neb. 462, 233 N.W. 456 (1930). In the present case, although issues related to the Trust might have an effect on Jack's estate, the instant trust administration involved the Trust rather than Jack's estate, and it was an action under the Nebraska Uniform Trust Code rather than an estate proceeding under the Nebraska Probate Code.

Because the order ruled on a trust administration matter, an appeal of the order is subject to § 30-3821, which provides, "Appellate review under the Nebraska Uniform Trust Code shall be governed by section 30-1601." Neb. Rev. Stat. § 30-1601(1) (Cum. Supp. 2020) provides in relevant part that "in all matters in county court arising under the Nebraska Uniform Trust Code, . . . appeals may be taken to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." We read § 30-1601(1) as incorporating the rules of appealability in civil matters, including Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

[4,5] We have recognized in a case involving a trust that for an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken. *In re Margaret L. Matthews Revocable Trust, ante* p. 381, 979 N.W.2d 259 (2022). To be final, an order must dispose of the whole merits of the case. *Id*. When no further action of the court is required to dispose of a pending cause, the order is final. *Id*.

In this case, Carl Sr. filed a petition in the county court in which he sought two things: a declaratory judgment regarding the handling of assets transferred into the Trust and an accounting of the Trust. The county court entered an order in which it denied a declaratory judgment with respect to certain accounts, granted a declaratory judgment with respect to other

accounts, and ordered distribution of those other accounts to Carl Sr. The county court also ordered that in the absence of agreement, Carl Jr., as trustee of the Trust, submit a complete accounting. We read this order as reflecting the county court's expectation that further action was required to completely dispose of Carl Sr.'s petition.

We determine that the order did not wholly dispose of the request for a Trust accounting because until that accounting is completed, the trust administration proceeding is not completed and the order is not yet final. See § 25-1902 (regarding appealability of substantial right in special proceeding).

The Court of Appeals therefore did not err when it concluded that it lacked jurisdiction and dismissed this appeal.

## CONCLUSION

Based on the reasoning set forth above, we conclude that the county court's February 18, 2022, ruling was not a final order in the trust administration proceeding and that therefore, the Court of Appeals lacked jurisdiction of this appeal. We affirm the order of the Court of Appeals that dismissed the appeal for lack of jurisdiction.

Affirmed.