Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/13/2024 09:08 AM CST

In re Estate of Eugene W. Jeffres, deceased.
Michael E. Jeffres et al., appellants, v. Nebraska
Department of Revenue et al., appellees.

___ N.W.2d ___

Filed February 6, 2024.    No. A-23-197.

1. **Jurisdiction.** The question of jurisdiction is a question of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Decedents' Estates: Wills: Trusts: Judgments: Appeal and Error.** The interpretation of the words in a will or a trust presents a question of law. When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
4. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
5. **Decedents' Estates: Wills: Intent.** The cardinal rule concerning a decedent's will is the requirement that the intention of the testator shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy.
6. ____: ____: ____. To arrive at a testator's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will.
7. **Wills.** When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible.
8. **Wills: Words and Phrases.** Ambiguity exists in an instrument, including a will, when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable interpretations or meanings.

9. **Decedents' Estates: Wills: Words and Phrases.** An ambiguity can be either latent or patent. A latent ambiguity exists when the testator's words are susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in themselves, but upon those words when applied to the object or subject which they describe. A patent ambiguity is one which exists on the face of an instrument.

10. **Wills.** Only latent ambiguities can be resolved by extrinsic evidence. In contrast, patent ambiguities must be resolved from within the four corners of a will and without consideration of extrinsic evidence.

11. \_\_\_\_. A testator will not be held to have disinherited an heir except where that conclusion is impelled by the express provisions or by necessary implication from provisions specifically set forth.

Appeal from the County Court for Hall County: Arthur S. Wetzel, Judge. Reversed and remanded with directions.

Gabreal M. Belcastro, John M. Lingelbach, James A. Tews, and Nicholas W. O'Brien, of Koley Jessen, P.C., L.L.O., for appellants.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellees Jenna James and Thomas Brugger.

Pirtle, Chief Judge, and Welch, Judge.

Pirtle, Chief Judge.
## I. INTRODUCTION
Michael E. Jeffres, Sandra L. Britton, Susan L. Jeffres, and Laura J. Jeffres Steinke (collectively appellants) are children of Eugene W. Jeffres (Jeffres). They appeal the decision of the county court for Hall County that found Jeffres' fifth child, Stephen Sumi, was a devisee under Jeffres' will. For the reasons that follow, we find the will is unambiguous and does not include Sumi as a devisee. Accordingly, we reverse, and remand with directions to enter judgment in favor of appellants.

## II. BACKGROUND

This matter concerns the construction of Jeffres' will. Jeffres was married to Virginia Jeffres for approximately 30 years. Together, they had four children, who are appellants herein. Virginia died in 2009 and left a portion of her property to Jeffres.

On June 8, 2018, Jeffres executed his last will and testament. In July 2019, 13 months after executing his will, Jeffres learned that he had another biological child, Sumi. Sumi was born in California sometime around 1952 to one of Jeffres' former girlfriends. DNA testing proved that Jeffres was Sumi's biological father. Sumi traveled to Nebraska in July 2019 and stayed with Jeffres for about a week before returning home to California. Sumi never returned to Nebraska after that visit.

Jeffres died on July 23, 2020. Sumi died a year later in July 2021.

On February 16, 2022, appellants filed a petition for the formal probate of the will, for a determination of heirs, and to construe the will. In this petition, appellants acknowledged that Sumi was Jeffres' child and one of his heirs but asserted that appellants were "the sole devisees" under the will and were entitled to distribution of Jeffres' estate in equal shares.

On March 4, 2022, the trustee of Sumi's living trust (Sumi's estate) filed an objection with the county court. Sumi's estate objected to appellants' petition to the extent that it sought a construction of the will that disinherited Sumi. In this objection, Sumi's estate asserted that the will did not expressly disinherit Sumi, nor did it disinherit him by necessary implication.

The relevant portions of the will are as follows:

### ARTICLE II.

I declare that I am currently unmarried and that I have four (4) children now living, namely: **Michael E. Jeffres; Sandra [L.] Britton; Susan L. Jeffres; and Laura J. Jeffres**. My Personal Representative and Trustee may

rely conclusively on these statements in administering and distributing my estate. All references in this Will to my child or children are to my named children and to any child or children born to or adopted by me after the execution of this Will, and all children of mine shall share equally under the provisions of this Will as though they had been named above.

## ARTICLE III.

I devise all my personal and household effects, such as jewelry, clothing, automobiles, boats, furniture, furnishings, china, silver and pictures, in accordance with a written statement or list which I intend to leave at my death. If for any reason no such written statement is in existence at my death, or if in existence but it fails to dispose of all such property effectively, then I devise such property, or the portion of it not effectively disposed of, to my children who survive me in such manner as may be agreed upon by my children, and in making such division my children may authorize my Personal Representative to abandon, destroy or sell any of the property. . . . In the event my surviving children are unable to agree upon a division within six months after my death, then such property shall be distributed to my surviving children in substantially equal shares as my Personal Representative shall determine, and should my Personal Representative determine, in its sole and absolute discretion, that it would not be in the best interests of my surviving children to receive possession of all or part of such property or that an equitable distribution would be impractical or that part of it is of no value and should be abandoned or destroyed, my Personal Representative may distribute such part as it determines, abandon or destroy that of no value, and sell the balance of the items and distribute the proceeds as part of the residue of my estate.

    . . . .

ARTICLE IV.

All of the residue of my estate I devise to my children, **Michael E. Jeffres; Sandra [L.] Britton; Susan L. Jeffres; and Laura J. Jeffres**, equally, share and share alike. . . .

. . . .

ARTICLE VII.

Whenever the terms "child", "children", "issue" or "descendants" are used in this Will, such terms shall include lineal descendants of all generations.

A hearing was held on December 15, 2022, and Jeffres' will was admitted to formal probate as his valid, unrevoked last will and testament. On January 3, 2023, the county court issued an order that determined that Sumi and appellants were Jeffres' "heirs."

On January 27, 2023, a hearing was held on appellants' petition to construe the will. On February 16, the court entered a journal entry and order that provided "the following individual[s] are the heirs under this will; Michael Jeffres, Susan Jeffres, Laura Jeffres, Sandra Britton, and the Estate of Stephen Sumi," and "Stephen Sumi is to share as an equal heir in all the property of the deceased."

On March 10, 2023, appellants filed their notice of appeal. On March 23, this court entered an order to show cause as to whether the appeal should be dismissed for lack of jurisdiction pursuant to Neb. Ct. R. App. P. § 2-107(A)(1) (rev. 2022). In the order to show cause, we stated:

On January 3, 2023, the county court entered an order admitting will to formal probate and determining heirs. The court declared the 2018 will valid and admitted it to formal probate, and listed the petitioners and Stephen Sumi as the heirs. No appeal was taken from this order, and no tolling motion appears to have been filed, nor any effort made to vacate this order. Nonetheless, on January 27, 2023, there was a "hearing held on Determination of Heirs/Construction of Will," at

which time the court ordered the parties to submit briefs on February 10. Following the subsequent hearing "on briefs" on February 16, the court again determined that the heirs were the four petitioners and Sumi. The petitioners appealed on March 10.

There is a question whether appellants should have appealed within 30 days of the January 3, 2023 order, and that there was nothing in the record that served to extend the time for appeal.

On March 29, 2023, appellants filed a response that cited the general definitions utilized in the Nebraska Probate Code, Neb. Rev. Stat. § 30-2209 (Reissue 2016), to explain the distinction between the county court's January 3 and February 16 orders. Appellants argued that while both orders used the term "heir," that word was ascribed different meanings within the context of each order. The January 3 order found Sumi to be one of Jeffres' heirs at law, who is a person entitled to the property of the decedent under the statutes of intestacy succession. See § 30-2209(18). In contrast, the February 16 order found Sumi to be a devisee under Jeffres' will, who is someone designated to receive real or personal property pursuant to a will. See § 30-2209(7) and (8).

Appellants asserted that their appeal does not take issue with the county court's January 3, 2023, finding that Sumi was Jeffres' heir at law. Instead, they contest the county court's February 16 determination that Sumi was entitled to an equal distribution of Jeffres' estate as a devisee under his will. On March 30, this court entered an order determining that cause had been shown and permitting the case to proceed. Additionally, the parties were ordered to address the issue of jurisdiction in their appellate briefs.

## III. ASSIGNMENT OF ERROR

Appellants assign that the county court erred in determining that Sumi was a devisee under the terms of Jeffres' will because the will defined "children" to include only appellants.

## IV. STANDARD OF REVIEW

[1,2] The question of jurisdiction is a question of law. *In re Estate of Scaletta*, 312 Neb. 953, 981 N.W.2d 568 (2022). An appellate court independently reviews questions of law decided by a lower court. *Id.*

[3] The interpretation of the words in a will or a trust presents a question of law. When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *In re Estate of Tiedeman*, 25 Neb. App. 722, 912 N.W.2d 816 (2018).

## V. ANALYSIS

### 1. Jurisdiction

[4] On March 23, 2023, this court ordered appellants to show cause as to why this case should not be dismissed for lack of jurisdiction. On March 29, appellants filed a response, and the case was allowed to proceed. However, the jurisdiction question was not resolved. Therefore, we must first determine whether we have jurisdiction over this matter. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *In re Estate of Scaletta, supra*.

The question of whether we have jurisdiction over this matter stems from the county court's use of the word "heir" in both its January 3 and February 16, 2023, orders. As both orders found Sumi to be Jeffres' "heir," we must determine whether the first order was the final judgment that appellants should have appealed from. Pursuant to Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022), appellants have 30 days after the entry of a final judgment to file their appeal. Therefore, we must determine whether appellants had 30 days from the issuance of the January 3 order or 30 days from the issuance of the February 16 order to file their appeal.

Under the Nebraska Probate Code, "[h]eirs" are defined as "those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." § 30-2209(18). Meanwhile, a "[d]evisee" is "any person designated in a will to receive a devise." § 30-2209(8). A "[d]evise," "when used as a noun, means a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will." § 30-2209(7).

We conclude that we have jurisdiction over this matter and that appellants' appeal was timely. In their pleadings, appellants wanted a determination of who qualified as devisees under Jeffres' will. It was the February 16, 2023, order that made this determination and constituted the final, appealable judgment.

While both orders found Sumi to be Jeffres' "heir," the county court misused the term in its February 16, 2023, order. The January 3 order used the term "heir" correctly by naming Sumi as one who would be entitled to Jeffres' property if he had died intestate. In contrast, the February 16 order misused the term "heir" to describe the "devisees" that were entitled to a distribution of Jeffres' property under the terms of his will. Because appellants' pleading sought only a determination as to who qualified as devisees under Jeffres' will, the February 16 judgment that made that decision constituted the final, appealable order.

Therefore, appellants had 30 days from the issuance of the February 16, 2023, order to file their appeal. They filed their appeal on March 10, which was within this 30-day period. Accordingly, we find that appellants' appeal was timely and that we have jurisdiction over it.

## 2. Construction of Will

Appellants assign the county court erred in finding that Sumi was a devisee under the terms of Jeffres' will because the will unambiguously defined "children" to include only

appellants. Sumi's estate contends that the will is ambiguous because it can be read to either include Sumi as a devisee or not include him. Because this ambiguity allows for the will to be read either way, Sumi's estate asserts the will must be construed to not disinherit him.

[5-8] The cardinal rule concerning a decedent's will is the requirement that the intention of the testator shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. *In re Estate of Brinkman*, 308 Neb. 117, 953 N.W.2d 1 (2021). To arrive at a testator's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will. *Id.* When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible. *Id.* Ambiguity exists in an instrument, including a will, when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable interpretations or meanings. *Id.*

[9,10] An ambiguity can be either latent or patent. See *id.* A latent ambiguity exists when the testator's words are susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in themselves, but upon those words when applied to the object or subject which they describe. *Id.* A patent ambiguity is one which exists on the face of an instrument. *Id.* Only latent ambiguities can be resolved by extrinsic evidence. See *id.* In contrast, patent ambiguities must be resolved from within the four corners of a will and without consideration of extrinsic evidence. *In re Estate of Tiedeman*, 25 Neb. App. 722, 912 N.W.2d 816 (2018).

In their briefs, both parties cite to *In re Estate of Brinkman, supra*, where the Nebraska Supreme Court considered the meaning of a patent ambiguity within a will. The issue in *In*

*re Estate of Brinkman* arose because the decedent's daughter was not mentioned in the will. The relevant portion of the will stated: "'The references in this Will to my "son" refer to my son, SETH MICHAEL BRINKMAN. The references in this Will to my "children" and/or my "issue" shall *include* my son, SETH MICHAEL BRINKMAN, and all children of mine born or adopted after the execution hereof.'" *Id.* at 124, 953 N.W.2d at 8 (emphasis supplied). The court found that the term "include" created a patent ambiguity as to whether the daughter fell under the will's definition of "children" or "issue." The court determined that under the Nebraska Probate Code's definitions for "issue" and "child," the decedent's daughter was "not excluded from [the decedent's] use of 'issue' simply because [the decedent] wished to note that [his son] and other children born or adopted later should be included." *In re Estate of Brinkman*, 308 Neb. at 125-26, 953 N.W.2d at 8. In this conclusion, the court stated, "To include is not to exclude in this context." *Id.* at 126, 953 N.W.2d at 8.

[11] After finding that the daughter was not excluded by the provision of the will that defined "children" and "issue," the *In re Estate of Brinkman* court analyzed whether any other provision of the will demonstrated an intent by the decedent to disinherit her. In this analysis, the court found that she was not disinherited because "[a] testator will not be held to have disinherited an heir except where that conclusion is impelled by the express provisions or by necessary implication from provisions specifically set forth." *Id.* at 126, 953 N.W.2d at 9 (internal quotation marks omitted). Because the will did not contain an express statement disinheriting the daughter, the court refused to speculate as to whether the decedent intended to do so. As such, the court found that she was a devisee under the will.

Appellants assert that because Jeffres' will specifically defines "children" in such a way that excludes Sumi, there is a "'necessary implication'" that Jeffres intended to disinherit him. Brief for appellants at 17. In turn, Sumi's estate

contends that *In re Estate of Brinkman* stands for the proposition that "if a will can be read to include a natural heir as a devisee, then it should be read to include the natural heir." Brief for appellees at 11. Sumi's estate continues to assert that because Jeffres' will can be read to include Sumi, the law mandates it be read that way.

We agree with appellants that the will's definition of "children" is unambiguous and excludes Sumi by necessary implication. Article II of the will provides the definitions for "child" and "children," and it reads as follows:

> I declare that I am currently unmarried and that I have four (4) children now living, namely: **Michael E. Jeffres; Sandra [L.] Britton; Susan L. Jeffres; and Laura J. Jeffres**. My Personal Representative and Trustee may rely conclusively on these statements in administering and distributing my estate. All references in this Will to my child or children are to my named children and to any child or children born to or adopted by me after the execution of this Will, and all children of mine shall share equally under the provisions of this Will as though they had been named above.

We find this provision to be unambiguous. When considering the complete provision, the only reasonable interpretation fails to include Sumi as one of Jeffres' "children." The provision plainly dictates that any reference to Jeffres' "child" or "children" within the will refers to individuals from one of three classes: (1) the four children named within the provision, (2) children born to Jeffres after the execution of the will, and (3) children adopted by Jeffres after the execution of the will. Because Sumi did not fall into any of these classes, he was not a devisee under the will.

Despite the clear articulation as to who qualifies as one of Jeffres' "children," Sumi's estate argues there is an ambiguity within the language of article II that "all children of [Jeffres] shall share equally under the provisions of this Will as though they had been named above." It contends that this wording

allows one to read Sumi into the will although he was not specifically named. We do not believe this is a reasonable interpretation of the provision. This interpretation would have us look at the second half of article II's last sentence in isolation while ignoring the context provided by the previous half. When considering the provision as a whole, we find that the portion that provides "all children of mine shall share equally . . . as though they had been named above" is worded to encompass the three classes of children previously outlined while recognizing that any children falling under the latter two classes would not be specifically named. Accordingly, we do not find an ambiguity in this provision, let alone one that can be read to include Sumi as a devisee.

Sumi's estate next alleges there is ambiguity in article VII that can be read to include Sumi. Specifically, it points to article VII's language that states, "Whenever the terms 'child', 'children', 'issue' or 'descendants' are used in this Will, such terms shall include lineal descendants of all generations." Sumi's estate states that because Sumi was Jeffres' lineal descendant, this provision can be read to include him.

We also find this provision to be unambiguous. When applying the will's ascribed definitions contained within article II, this provision describes the intention that all class terms should be read to include the full line of descendants related to members of such class. Accordingly, it expands article II's definitions of "child" and "children" to include any lineal descendants of those who already fall under one of the three preestablished categories of "children." Sumi is not a lineal descendant of appellants or of any children born to or adopted by Jeffres after the execution of the will. As such, we find the unambiguous language of this provision does not include Sumi.

Sumi's estate also argues the language in article IV can be read to include Sumi. It points to article IV's language that devises Jeffres' property to his "children . . . equally, share and share alike." However, this argument ignores the full

sentence. The full sentence states, "All of the residue of my estate I devise to my children, **Michael E. Jeffres; Sandra [L.] Britton; Susan L. Jeffres; and Laura J. Jeffres**, equally, share and share alike." We find this provision to be unambiguous. And because Sumi is neither specifically named in this provision nor falls under the will's expressed definitions of "child" or "children," he is not included within the provision's language.

With our finding that Jeffres' will is unambiguous, this matter is distinguishable from *In re Estate of Brinkman*, 308 Neb. 117, 953 N.W.2d 1 (2021). That case was about the meaning of a patent ambiguity and whether that ambiguity disinherited an unnamed daughter. It was only after the court resolved that ambiguity, by finding that including the son in the will did not necessarily exclude the daughter, that it sought out an expressed intent by the decedent to disinherit her. Within this context, the court held that "[a] testator will not be held to have disinherited an heir except where that conclusion is impelled by the express provisions or by necessary implication from provisions specifically set forth." *In re Estate of Brinkman*, 308 Neb. at 126, 953 N.W.2d at 9 (internal quotation marks omitted). While there is no express provision in Jeffres' will that disinherited Sumi, the lack of ambiguity as to who he devised his property to leads us to find that Sumi was disinherited by necessary implication.

We next find that Jeffres' last will and testament unambiguously directs for his property to be distributed to appellants. In relevant part, article III of the will provides:

[A]ll [of Jeffres'] personal and household effects [be devised] to [his] children who survive [him] in such manner as may be agreed upon by [his] children . . . . In the event [his] surviving children are unable to agree upon a division within six months after [his] death, then such property shall be distributed to [his] surviving children in substantially equal shares as [his] Personal Representative shall determine . . . .

Utilizing the definitions found within articles II and VII, we determine this provision unambiguously distributes Jeffres' property in equal proportions to his surviving named children, to any surviving children that may have been born to or adopted by him after the execution of his will, or to the lineal descendants of his children that predeceased him. As there is no indication that any children were born to or adopted by Jeffres after the execution of his will or that any of his named children did not survive him, the only reasonable interpretation of article III devises all of Jeffres' property to appellants.

## VI. CONCLUSION

We conclude that Jeffres' final will and testament did not include Sumi as a devisee. Accordingly, we reverse the decision of the county court and remand the cause with directions to enter judgment in favor of appellants.

REVERSED AND REMANDED WITH DIRECTIONS.

MOORE, Judge, participating on briefs.