ALMITTA NILSON, APPELLANT, V. TEKAMAH INVESTMENT COMPANY ET AL., APPELLEES.

274 N. W. 465

FILED JULY 9, 1937. No. 29997.

W. A. Ehlers, for appellant.

Chatt & Ellenberger, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

EBERLY, J.

This, in substance, is the identical matter presented to this court, and by it determined, in the case of In re Estate of Nilson, 126 Neb. 541, 253 N. W. 675. The opinion in that case is here referred to as containing a full and complete recital of the facts, and the determination of the law of the case as thus made by this court.

After final disposition of the case, as then made by this court, plaintiff, Almitta Nilson, filed a new petition in the district court for Burt county, making the Tekamah Investment Company, a corporation, the sole defendant. Upon application of this defendant an order was entered by the trial court directing that E. I. Ellis, as administrator of the estate of Anders G. Nilson, deceased, be made a party defendant. This action of the trial court forms the basis

of one of plaintiff's exceptions presented on appeal. The action thus taken was clearly within the discretion of the trial court. Plaintiff was in no manner prejudiced thereby. Ample justification is found in the many precedents of this tribunal. *Cahn v. Lipson,* 39 Neb. 776, 58 N. W. 280; *Brown v. Brown,* 71 Neb. 200, 98 N. W. 718; *Kaplan v. City of Omaha,* 100 Neb. 567, 160 N. W. 960.

In *Sharp v. Citizens Bank of Stanton,* 70 Neb. 758, 98 N. W. 50, is found an example of the application of this rule impliedly approved by this court under circumstances quite comparable to the instant case.

Plaintiff's newly filed petition in the instant case, in addition to the usual formal allegations, charged that, "on or about the 21st day of March, 1930, this plaintiff delivered into the possession of one Emmett I. Ellis, who was then * * * the president of the defendant corporation, certain cashier's checks in the sum of $3,500 for the purpose of procuring cash upon said checks and to place the amount to her credit and for her account in and upon the books and records of said Tekamah Investment Company for safe-keeping and to be repaid to this plaintiff;" that this engagement was duly performed and the sum of $3,500 duly credited to plaintiff by that corporation, which, save and except the sum of $820.14, it still retains, and for $2,679.86 with interest thereon, plaintiff prays judgment.

The Tekamah Investment Company, as its answer to this pleading, in addition to a general denial, alleged specifically the facts embraced in the several transactions related to plaintiff's claim, the submission thereof to the county court and the district court for Burt county, and the determination as made by those tribunals thereon unfavorable to plaintiff; the appeal made by plaintiff from such adverse judgment to this court and the repeated adverse decision to plaintiff entered by this court therein, which is reported as *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675. As part of these allegations this defendant's answer sets forth verbatim the opinion adopted by this court in determining the issues on appeal. Thereafter,

E. I. Ellis, as administrator, filed an answer denying generally the allegations of plaintiff's petition, but also pleading specifically the ultimate facts as to proceedings had and the final adjudication made in the case of *In re Estate of Nilson, supra,* in bar of plaintiff's present cause of action.

It may be said that no good purpose would be served by setting forth the subsequent pleadings at length. Suffice it to say that ultimately issues were joined by the parties, on the basis, however, of a substantial and necessary admission by plaintiff of the existence of the ultimate facts disclosed by the official records of the case of *In re Estate of Nilson, supra,* but challenging their competency as against plaintiff in favor of the present defendants. Thereupon the trial court sustained a motion by defendant for judgment upon the pleadings. Plaintiff appeals.

An examination of the record discloses that the transaction set forth in plaintiff's present petition was the controlling transaction set forth as the basis of the case of *In re Estate of Nilson, supra.* In that case plaintiff's claims were substantially identical with those she now presents. All of these claims were examined by this court in such case of *In re Estate of Nilson,* and determined adversely to plaintiff's present contention. These conclusions are supported not only by the necessary inferences arising from the formal disposition of the issues in that case, but also in the terms of the opinion by this court approved and adopted herein.

Our opinion, in fact, proceeds on the basis that in the case of *In re Estate of Nilson,* then before us, "the administrator alleged in his petition in the county court that he had possession of the property, and the evidence discloses that the fund in question was actually in his possession and under his control, and not in the possession of a third party (Tekamah Investment Company) except for safe-keeping and to identify the fund." Appellant concedes this, but claims that he had it for her. The evidence does not sustain this contention. We proceed upon the theory that the money was in the hands of the administrator, an

officer of the court, under its direction, supervision, and control, and therefore in the hands of the court. Thereupon the claim of plaintiff to the fund in suit was expressly denied, and the administrator was directed to make suitable disposition thereof as funds of his intestate. This disposition of the funds was approved by us in *In re Estate of Nilson, supra.*

We have given due consideration to plaintiff's contention that the Tekamah Investment Company was not a party to this proceeding, and therefore not entitled to any benefits thereunder; and that the plea of *res judicata* may not be successfully waged as a defense by a stranger to a judgment. But the administrator was a party to the proceeding and vitally interested in the issues tried in the instant case. In addition, he is identified in interest with the investment company with whom he made the deposit in suit. Again, plaintiff wholly ignores the fact that the vital question here presented arises out of a proceeding *in rem.* In this class of cases, the rule is: "A proceeding in the probate court to settle the estate of a decedent is a proceeding *in rem,* and every one interested in such settlement is a party in the probate court whether he is named or not." *In re Estate of Sweeney,* 94 Neb. 834, 144 N. W. 902. See, also, *In re Estate of Creighton,* 91 Neb. 654, 136 N. W. 1001; *Fischer v. Sklenar,* 101 Neb. 553, 163 N. W. 861.

The conclusion inevitably follows that the judgment entered in the case of *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675, is determinative of the controlling issues presented in the instant case, and precludes recovery by plaintiff upon the cause of action set forth in her petition.

Therefore, it clearly appears that the judgment entered by the district court is correct, and it is

AFFIRMED.