IN RE ESTATE OF DeWITT C. MARSH.
RALPH A. MESSECAR ET AL., APPELLANTS, V. BERT M.
MARSH ET AL., APPELLEES.

17 N. W. 2d 471

FILED FEBRUARY 2, 1945. No. 31894.

*John E. Mekota* and *W. G. Henke,* for appellants.

*Brown, Crossman, West, Barton & Fitch, Kennedy, Holland, DeLacy & Svoboda* and *Lester L. Dunn, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

On May 7, 1943, Ralph A. Messecar, Hearold J. Messecar, Lola Gericke, Fred E. Kuhn, Henry G. Kuhn, Daniel C. Kuhn, Elmer Kuhn, Wilbur Kuhn, Edna Morehouse Woldruff, Henry M. Morehouse, Walter M. Morehouse and Percy Lyon, in their own behalf and in behalf of all other persons similarly situated, as plaintiffs, filed their petition and application in the district court for Saline county in In the Matter of the Estate of DeWitt C. Marsh, Deceased, naming as defendants, Bert M. Marsh and Fred H. Bruning, as pretended and purported executors of the pretended last will and testament of DeWitt C. Marsh, deceased, A. C. Blattspieler, as special administrator of the estate of DeWitt C. Marsh, deceased, Ira C. Marsh, Bert M. Marsh, Harry Marsh, DeWitt C. Marsh, II, Retta McGee Dunning, Irene Bragg, Harold Lyon, Helen Tidman, G. H. Lyon, Beverly Lyon, Jennie C. Lyon, Frank Harmon, William Marsh, A. C. Blattspieler, Fred H. Bruning, The Massachusetts Bonding and Insurance Company, a corporation, and United States Fidelity & Guaranty Company of Baltimore, Maryland, a corporation, and the unknown children of Minnie Messecar Morehouse who are not named as plaintiffs above, and unknown heirs at law of the unknown persons having

or claiming to have any interest in or claim against the estate of DeWitt C. Marsh, deceased. On April 18, 1944, they filed an amended petition and application. The purpose of this petition and application, as amended, is to have the order of dismissal entered by the district court in the appeal of William E. Lyon, contestant, declared without force and effect; that the action on appeal is still pending in the district court for Saline county; that the will of DeWitt C. Marsh, deceased, has not been allowed and admitted; and that the cause be set down for trial and an adjudication had upon the merits.

From an order sustaining the separate demurrers of the defendants, Arnold C. Blattspieler, United States Fidelity & Guaranty Company, Irene Bragg, Retta McGee Dunning, DeWitt C. Marsh, II, Harry Marsh, Ira C. Marsh, Fred H. Bruning, executor of the estate of DeWitt C. Marsh, Bert M. Marsh, executor of the estate of DeWitt C. Marsh, deceased, Fred H. Bruning, Bert M. Marsh, Massachusetts Bonding and Insurance Company and A. C. Blattspieler, as special administrator of the estate of DeWitt C. Marsh, deceased, to the petition and application of the plaintiffs, as amended, and dismissing plaintiff's action, the plaintiffs have appealed.

DeWitt C. Marsh died on April 15, 1932, a resident of Saline county. On April 19, 1932, an instrument purporting to be his last will and testament was filed with the county court of Saline county together with a petition asking that it be admitted and allowed as such. Hearing thereon was set for May 19, 1932. On that date William E. Lyon filed his objections to its allowance. After hearing thereon, on May 19 and 20, 1932, the county court, on May 20, 1932, found the instrument to be the last will and testament of the deceased and admitted and allowed it to probate. William E. Lyon, the contestant, perfected an appeal from this order to the district court.

After the appeal was lodged in the district court the contestant, on August 3, 1932, filed his motion in that court asking it to dismiss his appeal. On August 8, 1932, the

court sustained the motion and entered its order in part as follows: " * * * that the appeal of the said William E Lyon, contestant, pending herein be and the same is hereby dismissed, * * * . It is further ordered that a certified copy of this order be filed with the County Court of Saline County, Nebraska."

The first question presented is, did the district court have the power to dismiss the appeal, and if it did, what effect did such appeal and dismissal have upon the order appealed from?

The county court is by section 16, art. V of the Constitution of Nebraska, given "original jurisdiction in all matters of probate" and by section 24-503, R. S. 1943, it has "exclusive jurisdiction of the probate of wills." Section 30-1601, R. S. 1943, provides that, "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county court to the district court * * * ." " * * * the only jurisdiction which the district court could acquire would be by appellate proceedings." *Smith v. Estate of Bayer*, 95 Neb. 488, 145 N. W. 1030. Sections 30-1606, 24-544 and 27-1305, R. S. 1943, provide that when the appeal has been perfected the district court shall be possessed of the action and shall proceed to hear, try and determine the same as though the action had been originally instituted in that court. "The appeal conferred upon the district court the same power possessed in the matter by the county court, * * * ." *In re Miller*, 32 Neb. 480, 49 N. W. 427. "When this order was appealed from and the transcript filed, the district court acquired jurisdiction of the whole matter and power to deal with it as though the application had been filed in that court originally." *Ribble v. Furmin*, 69 Neb. 38, 94 N. W. 967.

After the district court becomes so possessed of the case the county court has no further jurisdiction over the issues so removed. If there is another trial of the case it must be in the district court and that court shall proceed to hear, try and determine the same and, as provided by section 30-1607, R. S. 1943, the result, not the case itself, certified back

to the county court. As stated in *Williams v. Miles*, 73 Neb. 193, 102 N. W. 482: "This removes the issues to the district court for final determination. The district court must 'hear, try; and determine the same.' The evidence is taken and the cause tried without regard to the evidence in the lower court. The result, not the case itself, is certified back to the county court. After the district court becomes so possessed of the case, the county court will never have any further jurisdiction over the issues so removed.' If there is another trial of the case it must be in the district court."

The general rule as to the effect of the appeal on the judgment of the lower court is: " 'As to the force and effect of a judgment pending proceedings for review, aside from controlling influence of positive statute, this distinction is to be observed; where the proceeding is one in which the cause is retried as upon original process, the judgment is vacated, but if the proceeding is in the nature of an ancient writ of error, merely requiring a review of errors and an affirmance of the judgment, or a reversal and remanding for further trial, the judgment of the lower court is not vacated, but merely suspended. Hence, if a statutory remedy by appeal provides for a complete trial *de novo* in the appellate court, or it expressly so provided, the perfection of the proceeding usually operates to vacate the judgment of the court below.' 4 C. J. S. sec. 611." *Chilen v. Commercial Casualty Ins. Co.*, 135 Neb. 619, 283 N. W. 366. "The appeal vacates the judgment of the county court, the case is tried in the district court *de novo*, and if no proof is offered by the proponent, she must fail." *Seebrock v. Fedawa*, 30 Neb. 424, 46 N. W. 650. "On appeal to a court not of last resort, the appellate court proceeds as if it had original jurisdiction of the matter brought before it by appeal, which vacates and annuls, for the purposes of such trial, the judgment of the court below." 3 Woerner, The American Law of Administration (3d ed.) sec. 550, p. 1874.

On appeal in civil actions from a justice of the peace court, which is the statutory procedure made applicable to probate matters, after the appeal is lodged in the district

court not only the court but the proper parties have the power to dismiss the appeal or the action. That the party may dismiss or cause his action to be dismissed, see *Thornhill v. Hargreaves,* 76 Neb. 582, 107 N. W. 847; *Home Fire Ins. Co. v. Deets,* 54 Neb. 620, 74 N. W. 1088. As stated in *Eden Musee Co. v. Yohe,* 37 Neb. 452, 55 N. W. 866: " * * * an appellant has a perfect right, in an ordinary action, to dismiss his appeal at any time before the cause is submitted to the court or jury, even though his adversary does not consent thereto." See, also, *United States Nat. Bank v. Loup River Public Power District,* 139 Neb. 645, 298 N. W. 529.

"The general rule is that the dismissal of an appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from." *Dunterman v. Storey,* 40 Neb. 447, 58 N. W. 949. See, also, *Power v. Federal Land Bank,* 141 Neb. 139, 2 N. W. 2d 924; *State ex rel. Campbell v. Slavik,* 144 Neb. 633, 14 N. W. 2d 186. "Had the appeal been dismissed, the rights of the appellee would not have been in the least prejudiced thereby, inasmuch as such a dismissal would have left the case precisely the same as though no appeal had been taken." *Eden Musee Co. v. Yohe, supra.* "The rule is upheld in a number of cases that the dismissal of an appeal by the appellate court operates as an affirmance of the judgment of the trial court, * * * and that it is equivalent to an affirmance of the case on its merits." 4 C. J. S., sec. 1385, p. 2006. "On the dismissal of an appeal * * * the cause stands in the trial court as if no appeal had ever been taken * * * ; the decree or order appealed from becomes final, and the effect of such dismissal is to leave the parties where they were before the appellate proceeding was instituted." 4 C. J. S., sec. 1386, p. 2007.

Therefore, the power of the district court being the same as that of the county court in matters of probate appealed therefrom, it has the power to dismiss not only the appeal but the action itself unless there is something in the nature of the action which would prevent it.

" 'A proceeding in the probate court to settle the estate of a decedent is a proceeding *in rem,* and every one interested in such settlement is a party in the probate court whether he is named or not.' *In re Estate of Sweeney,* 94 Neb. 834, 144 N. W. 902." *Nilson v. Tekamah Investment Co.,* 133 Neb. 180, 274 N. W. 465. See, also, *In re Estate of Creighton,* 91 Neb. 654, 136 N. W. 1001. In the case of *In re Estate of Glover,* 104 Neb. 151, 175 N. W. 1017, we held that, "The filing of a petition in the county court for the appointment of an administrator of the estate of a deceased person is not an 'action' as contemplated in section 7654, Rev. St. 1913 (now section 25-601, R. S. 1943)", and that the petitioner by filing a dismissal of his petition, no action being taken thereon by the court, could not deprive the court of its jurisdiction thereof and its power to continue with the administration. The same would be true of a petition filed for the purpose of probating a will and any contest thereof. When a petition is filed to administer or probate an estate the proceeding becomes one *in rem* to which every one interested is a party. To permit any one or more of these parties to dismiss the action or an appeal therefrom, might prevent the court from performing its duty of safeguarding the interests of all parties whether before the court in person or not. As stated in *In re Estate of Jurgensmeier, ante,* p. 459, 17 N. W. 2d 155: " * * * it is the duty of the court to protect the interests of all parties, whether actually before the court or not. *Sorensen v. Sorensen,* 68 Neb. 490, 98 N. W. 837." However, this does not prevent the court from exercising complete power over the actions of which it is given jurisdiction. The county court has original and exclusive jurisdiction in probate matters, which is conferred upon the district court in those matters appealed to it. Within this jurisdiction it has power over all proceedings before it, including the right to dismiss. In exercising this power it is the duty of the court to protect all parties to the proceeding, whether before the court in person or not, and any failure to do so is subject to review. It is not, however, subject to collateral attack as

it is within the powers of the court. The effect of such dismissal of an appeal by the district court is to leave the parties as they were before the appeal was perfected and is an affirmance of the order of the lower court.

In this regard we have considered sections 30-1608 and 30-1609, R. S. 1943, which deal with appeals from the allowance and disallowance of claims and dismissal thereof under certain circumstances, but we find nothing therein that limits the powers of the court in actions of this character.

We recognize that some jurisdictions, including Missouri and North Carolina, hold that an action of this character cannot be dismissed either by the parties or the court without an adjudication upon the will. Whereas, in other jurisdictions, including California, Illinois, Indiana and Kansas, the action is considered the same as a civil action *inter partes* and can be dismissed by either the court or the parties.

As stated in 68 C. J., sec. 834, p. 1040: "In still other jurisdictions the proponent of a will cannot, as a matter of right, withdraw the will from probate or dismiss the proceedings against the objection of an interested party, it resting in the discretion of the court whether or not plaintiff shall be permitted to discontinue it; * * * ." As stated in *French v. Brooke,* 241 Mass. 315, 135 N. E. 168: " * * * according to the weight of authority that court may allow the withdrawal of the petition for the probate of a will or dismiss the proceedings." See, also, *In re Lasak's Will,* 131 N. Y. 624, 30 N. E. 112.

Because of the nature of the action the parties in proceedings to administer or probate estates, including a contest thereof, do not themselves have the power to dismiss the proceedings but the county court, which has original and exclusive jurisdiction in such matters, and the district court on appeal, whose duty it is to protect all parties interested in such proceedings whether before the court or not, have such power and may, in their discretion, dismiss the same. Such dismissal, being within their power, is not

subject to collateral attack because " 'A judicial order or judgment cannot be attacked in a collateral proceeding unless affected by some jurisdictional infirmity.' *Dryden v. Parrotte,* 61 Neb. 339." *In re Estate of Nelson,* 81 Neb. 363, 115 N. W. 1087. The effect thereof, in cases where an appeal is dismissed, is to leave the parties in the same position as before the appeal was taken, in effect an affirmance of the order or judgment of the court appealed from.

Plaintiffs further allege that the defendants, Bert M. Marsh, Ira C. Marsh, Harry Marsh, DeWitt C. Marsh, II, and Retta McGee Dunning, who are the residuary legatees, entered into a plan and conspiracy, knowing DeWitt C. Marsh, the deceased, to be mentally incompetent, whereby they agreed and undertook to make and, through Bert M. Marsh, one of the conspirators who stood in a close and confidential relation to deceased, had the deceased execute a will leaving them the residuum of the estate of the deceased which, in fact, was not the last will and testament of the deceased but the will of the coconspirators and thereby defrauded the others' heirs of the deceased out of their interests in the estate. All of these matters could have been raised directly in the proceeding in the county court of Saline county instituted on April 19, 1932, for the allowance and admission of the will as objections thereto or subsequently by statutory proceedings within the time fixed by statute. But the time within which such proceedings could be brought has long passed as more than ten years have lapsed between the dismissal of the appeal on August 8, 1932, and the filing of plaintiffs' petition and application. The rule as announced by this court in *Brandeen v. Beale,* 117 Neb. 291, 220 N. W. 298, is applicable: " 'The rule obtains in this and some other jurisdictions that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief against the enforcement of a judgment procured by fraud the party must not have neglected to avail himself of a statutory remedy. *Van Antwerp v. Lathrop,* 70 Neb. 747; *State v. Lincoln Medical College,* 86

Neb. 269; *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44; *Proctor v. Pettitt,* 25 Neb. 96; 23 Cyc. 981; *Wirth v. Weigand,* 85 Neb. 115; *National Surety Co. v. State Bank,* 56 C. C. A. 657; *Thompson v. Laughlin,* 91 Cal. 313.' " See *Krause v. Long,* 109 Neb. 846, 192 N. W. 729.

For the reasons herein stated the judgment of the lower court is affirmed.

AFFIRMED.