In re Estate of John H. Vandermuelen, deceased.
Hattie E. Hill, appellant, v. C. M. Humlicek et
al., appellees.

54 N. W. 2d 366

Filed July 11, 1952. No. 33183.

*McKillip, Barth & Blevens,* for appellant.
*Thomas & Thomas, F. H. Mize,* and *Lightner & Johnson,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Wenke, J.

This appeal from the district court for Butler County involves the proceedings instituted in the county court of Butler County to administer the estate of John H. Vandermeulen, who died on July 25, 1951, a resident of that county.

Appellant Hattie E. Hill, a sister of said decedent, an heir at law and a beneficiary under the terms of his will, filed her petition in the county court of Butler County on July 28, 1951, praying that the last will and testament of decedent and codicil thereto, which she deposited with the county court at the same time, be admitted and allowed to probate. Therein she also asked the county court to fix a time and place for a hearing thereon for that purpose which the county court did.

This was all properly done in accordance with the statutes relating thereto which provide:

"Every person other than the judge of probate, having the custody of any will, shall, within thirty days after he has a knowledge of the death of the testator, deliver the

same into the county court which has jurisdiction of the case, or to the person named in the will as executor." § 30-213, R. R. S. 1943.

"When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, together with a petition for its probate, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by publication under an order of such court, in such newspaper printed in this state as the judge shall direct, three weeks successively, and no will shall be proved until notice shall be given as herein provided; * * *." § 30-217, R. R. S. 1943.

On August 20, 1951, appellant filed a "Withdrawal and Dismissal of Petition" whereby she sought to withdraw and dismiss, with prejudice, her petition for probate of the will and codicil thereto of decedent.

The filing of a petition in the county court for the purpose of administering the estate of a deceased person is not an "action" as contemplated by section 25-601, R. R. S. 1943. See, In re Estate of Glover, 104 Neb. 151, 175 N. W. 1017; In re Estate of Marsh, 145 Neb. 559, 17 N. W. 2d 471.

Concurrently with this "Withdrawal and Dismissal of Petition" the appellant filed "Objections to Probate and Allowance of Purported Will and Codicil."

Motion was made to strike appellant's "Withdrawal and Dismissal of Petition." This motion the county court sustained and the withdrawal and dismissal of petition was stricken. From this order appellant appealed to the district court.

The principles applicable to proceedings to administer estates of deceased persons are fully discussed in In re Estate of Marsh, *supra*. Therein we stated: " ' "A proceeding in the probate court to settle the estate of a decedent is a proceeding in rem, and everyone interested in such settlement is a party in the probate court whether

he is named or not." In re Estate of Sweeney, 94 Neb. 834, 144 N. W. 902.' Nilson v. Tekamah Investment Co., 133 Neb. 180, 274 N. W. 465. See, also, In re Estate of Creighton, 91 Neb. 654, 136 N. W. 1001. In the case of In re Estate of Glover, 104 Neb. 151, 175 N. W. 1017, we held that, 'The filing of a petition in the county court for the appointment of an administrator of the estate of a deceased person is not an "action" as contemplated in section 7654 Rev. St. 1913 (now section 25-601, R. S. 1943)', and that the petitioner by filing a dismissal of his petition, no action being taken thereon by the court, could not deprive the court of its jurisdiction thereof and its power to continue with the administration. The same would be true of a petition filed for the purpose of probating a will and any contest thereof. When a petition is filed to administer or probate an estate the proceeding becomes one in rem to which every one interested is a party. To permit any one or more of these parties to dismiss the action or an appeal therefrom, might prevent the court from performing its duty of safeguarding the interests of all parties whether before the court in person or not. As stated in In re Estate of Jurgensmeier, *ante*, p. 459, 17 N. W. 2d 155: '* * * it is the duty of the court to protect the interests of all parties, whether actually before the court or not. Sorensen v. Sorensen, 68 Neb. 490, 98 N. W. 837.' However, this does not prevent the court from exercising complete power over the actions of which it is given jurisdiction. The county court has original and exclusive jurisdiction in probate matters, which is conferred upon the district court in those matters appealed to it. Within this jurisdiction it has power over all proceedings before it, including the right to dismiss. In exercising this power it is the duty of the court to protect all parties to the proceeding, whether before the court in person or not, and any failure to do so is subject to review. * * * The effect of such dismissal of an appeal by the district court is to leave the parties as

they were before the appeal was perfected and is an affirmance of the order of the lower court."

Under these principles the appellant could not withdraw or dismiss her petition without court approval. Thus she is now left as both a proponent and contestant. However, ordinarily a proponent of a will, before action is taken thereon, should be permitted to withdraw from the petition for probate for the purpose of objecting thereto, unless, by his conduct, he has estopped himself from so doing. See, 2 Page on Wills, § 623, pp. 177, 178; Wilson v. Van Zant, 85 Colo. 276, 275 P. 905. Whether or not the latter is here true has never been determined for significantly appellant has never sought to withdraw from her petition for probate of the will and codicil thereto for the purpose of objecting to the probate thereof.

When the appeal was lodged in the district court a motion was made to dismiss the appeal on the ground that the order appealed from was not a final order within the meaning of section 30-1601, R. R. S. 1943. This motion the district court sustained and thereupon dismissed the appeal. It is from this order that the appeal is taken.

Section 30-1601, R. R. S. 1943, provides: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county court to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby."

Section 25-1902, R. R. S. 1943, which also has application, provides in part: "* * * an order affecting a substantial right made in a special proceeding, * * * is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

Under these statutes we think the ruling of the district court to be correct. None of appellant's rights have ever been determined. The action is still pending in the county court subject to a determination of whether or not decedent died testate. If he did not, then administration

of decedent's estate as that of a person dying intestate would be proper.

AFFIRMED.