Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/13/2023 09:10 AM CST

- 251 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

Scott Mollring, appellant, v.
Nebraska Department of Health and
Human Services et al., appellees.
___ N.W.2d ___

Filed January 13, 2023.    No. S-22-133.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Judgments: Statutes: Appeal and Error.** Whether a decision conforms to law and the interpretation of statutes present questions of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.

4. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

5. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

6. **Teacher Contracts: Words and Phrases.** "[T]he first two years of . . . employment" under Neb. Rev. Stat. § 79-845 (Reissue 2014) means the first 2 calendar years of employment.

- 252 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Nicholas J. Welding, of Norby & Welding, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Scott Mollring's employment as a teacher for the Nebraska Department of Health and Human Services (DHHS) was terminated, and the Nebraska State Personnel Board (Board) upheld the termination. The district court for Lancaster County affirmed the decision of the Board, and Mollring appeals. Mollring claims that the district court erred when it determined that because he had not completed 2 calendar years of employment at the time of his dismissal, he was a probationary employee who could be terminated without cause. Mollring asserts that "two years" as referenced in Neb. Rev. Stat. § 79-845 (Reissue 2014) means 2 school years and that because he had completed 2 school years of employment, he was not a probationary employee at the time of his termination and cause was required. We agree with the district court's conclusion that "two years" under § 79-845 means 2 calendar years, and cause was not required. We affirm the order of the district court that affirmed the decision of the Board, which upheld the termination.

## STATEMENT OF FACTS

Mollring was hired by DHHS in August 2018 to serve as a teacher at the Youth Rehabilitation and Treatment Center in Kearney, Nebraska. Mollring signed and worked under

- 253 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

separate individual teacher contracts for each school term that he taught. His first contract covered the school year from August 13, 2018, through May 24, 2019, and his second covered the school year from August 9, 2019, through May 22, 2020. After completing those two contracts, Mollring signed a contract to teach the summer session from June 1 through July 31, 2020. Around that time, he also signed a contract to teach during the 2020-21 school year, which was to begin on August 10, 2020.

Mollring was a member of the bargaining unit represented by the State Code Agencies Teachers Association (SCATA). During the times relevant to this case, Mollring's employment was subject to the SCATA labor contracts/collective bargaining agreements that covered the periods from July 1, 2017, through June 30, 2019, and from July 1, 2019, through June 30, 2021. Article 6.2 of the relevant SCATA labor contracts provided that "teachers . . . shall be on a probationary period during the first two years of employment and may be terminated during the probationary period without cause per Neb. Rev. Stat. Sec. 79-845." The contract language was either recited verbatim or incorporated by reference in each of the individual teaching contracts signed by Mollring.

On July 2, 2020, Mollring received a letter from his facility administrator informing him that his employment was being terminated effective immediately. The letter stated that Mollring's employment was being terminated during his "original probationary period" and that the action was being taken in accordance with article 6.2 of the SCATA labor contract. No cause was stated in the letter. On July 15, Mollring initiated the grievance procedure set forth under the SCATA labor contract. Mollring maintained in part that he had completed the probationary period when he completed teaching contracts for 2 school years and that therefore, his employment could not be terminated without just cause. DHHS denied Mollring's grievance at each level in the process and reasoned in part that the probationary period was for a

- 254 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

period of 24 months from the date Mollring began his employment in August 2018. That is, DHHS maintained that under the contracts and § 79-845, the probationary period during which a teacher could be terminated without just cause was 2 calendar years, not 2 school years.

Mollring appealed DHHS' denial of his grievance to the Board. Mollring and DHHS agreed that Mollring's employment was governed by the SCATA labor agreements and by governing statutes, including § 79-845, which provides as follows:

> Any contract of employment entered into after July 1, 1984, between the teaching staff and [DHHS] which applies to the first two years of the employment of such teaching staff shall provide that the first two years of the employment of such teacher are a probationary period. Any such contract may be terminated during the probationary period without cause.

The parties disagreed regarding the meaning of the statutory provision in § 79-845 stating: "two years . . . are a probationary period" during which a contract "may be terminated . . . without cause." DHHS asserted that the probationary period under § 79-845 was 2 calendar years and specifically that Mollring's probationary period began in August 2018 and would not be completed until August 2020. In contrast, Mollring argued that the statutory "two years of the employment [which] are a probationary period" are 2 school years and that having completed his probationary period when he had completed his second school year on May 22, 2020, cause for termination was required. The Board agreed with DHHS and affirmed the denial of Mollring's grievance.

Mollring appealed the Board's decision to the district court for Lancaster County pursuant to the Administrative Procedure Act; specifically, Neb. Rev. Stat. § 81-1319 (Reissue 2014) states an "[a]ppeal from the decision of the . . . Board shall be in accordance with the Administrative Procedure Act." Mollring repeated his argument that the "two years"

- 255 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

probationary period under § 79-845 is 2 school years and that because he had completed teaching contracts for 2 school years, his employment could not be terminated without just cause. The court interpreted the term "the first two years of the employment" under § 79-845 to mean the first 2 calendar years of employment. The court therefore rejected Mollring's arguments and affirmed the Board's decision.

Mollring appeals the order of the district court.

## ASSIGNMENTS OF ERROR

Mollring claims, restated and summarized, that the district court erred when it interpreted § 79-845 to establish a probationary period of 2 calendar years and when it therefore determined that he was still in the probationary period during which his employment could be terminated without cause.

## STANDARDS OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Gelco Fleet Trust v. Nebraska Dept. of Rev.*, 312 Neb. 49, 978 N.W.2d 12 (2022). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

[3] Whether a decision conforms to law and the interpretation of statutes present questions of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id*.

## ANALYSIS

[4] Regarding the interpretation of § 79-845, Mollring refers to our often-stated proposition of statutory construction that components of a series or collection of statutes

- 256 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. See *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022). Mollring generally argues that when applying that proposition, § 79-845 must be read in pari materia with other statutes governing teaching contracts and related matters. He argues that such other statutes focus on school years and specifically refer to "school years" and that therefore, "the first two years" in § 79-845 should be read as 2 school years rather than 2 calendar years. See, e.g., Neb. Rev. Stat. § 79-101(7) (Cum. Supp. 2022) and §§ 79-201 and 79-824 (Reissue 2014) (each referring to "school year").

[5] In response, DHHS refers to another often-stated proposition of statutory construction that statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *Echo Group v. Tradesmen Internat.*, 312 Neb. 729, 980 N.W.2d 869 (2022). DHHS contends that the district court correctly concluded that the plain meaning of "two years" as used in § 79-845 is 2 calendar years rather than 2 school years. DHHS argues that the other statutes cited by Mollring only bolster the reading of § 79-845 as referring to calendar years because those statutes specifically refer to a "school year" and that therefore, the Legislature distinguished a school year from a calendar year and intentionally used the words "school year" when that was intended and referred to a "year" when it intended a calendar year.

Before reaching these familiar rules of statutory construction cited by the parties, we note that Neb. Rev. Stat. § 49-801(25) (Reissue 2021) specifically sets forth a definition for the word "year" when it is used in Nebraska statutes. Section 49-801 provides in relevant part as follows: "Unless the context is shown to intend otherwise, words and

- 257 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

phrases in the statutes of Nebraska hereafter enacted are used in the following sense: . . . (25) Year shall mean calendar year." We note that the definition of "year" as a "calendar year" has been part of § 49-801 since its original enactment in 1947, see 1947 Neb. Laws, ch. 182, § 1, p. 601, and the definition was therefore in the statute when the original version of § 79-845 was enacted as Neb. Rev. Stat. § 79-1254.09 (Reissue 1981) in 1980, see 1980 Neb. Laws, L.B. 442, § 2. Accordingly, applying § 49-801, the usual meaning of "year" in a Nebraska statute is a "calendar year" and it should be given that meaning when used in a statute "[u]nless the context is shown to intend otherwise."

[6] We read Mollring's argument that § 79-845 should be read in pari materia with related statutes to be an argument that when read in the context of related statutes, "year" under § 79-845 may have been intended to mean a school year rather than a calendar year. However, we do not read references to "school year" in other statutes related to teacher employment to show that when the Legislature used only the word "year" in § 79-845, it intended to refer to a school year rather than a calendar year. We believe the more reasonable reading of the statutes is that the Legislature knew how to refer to a "school year" when it intended to do so and that therefore, when it referred only to "years" in § 79-845, it intended to refer to the usual meaning of a year as a calendar year. The context of the language found in § 79-845 is not to the contrary. We therefore conclude that "the first two years of . . . employment" under § 79-845 means the first 2 calendar years of employment.

The district court correctly read § 79-845 to establish a probationary period of 2 calendar years. Consequently, the district court did not err when it determined that because he had not completed 2 calendar years of employment, Mollring was still in the probationary period when his employment was terminated and by application of § 79-845, his employment could be terminated without cause.

- 258 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
MOLLRING v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 313 Neb. 251

## CONCLUSION

We conclude that the district court did not err when it determined that § 79-845 establishes a probationary period of 2 calendar years, that Mollring was still in the probationary period, and that his employment could be terminated without cause. The district court did not err when it affirmed the Board's decision that upheld Mollring's termination. We therefore affirm the order of the district court.

Affirmed.