Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2023 09:06 AM CDT

In re Estate of Dr. Wayne L. Ryan, deceased.
Constance Ryan, appellant, v. Steven Ryan,
Personal Representative of the Estate of
Dr. Wayne L. Ryan, deceased, appellee.

___ N.W.2d ___

Filed April 7, 2023.    No. S-22-252.

1. **Judgments: Statutes: Appeal and Error.** The interpretation of statutes presents questions of law, and an appellate court reaches a conclusion independent of that reached by the lower court.

2. **Decedents' Estates: Wills: Parties.** The decision to dismiss a proceeding to administer or probate an estate, including a will contest, is within the discretion of the trial court; an abuse of discretion occurs when the court does not protect the interests of all parties in the estate, whether before the court in person or not.

3. **Wills: Dismissal and Nonsuit.** A will contest is an in rem proceeding and is not an action for purposes of statutes governing civil voluntary dismissal.

4. **Decedents' Estates: Wills: Parties.** Courts that exercise the power to dismiss proceedings for the probate of a will must protect the interests of all parties in the estate.

5. **Dismissal and Nonsuit.** Generally, under Neb. Rev. Stat. §§ 25-601 (Reissue 2016) and 25-602 (Cum. Supp. 2022), a plaintiff has the right to dismiss an action without prejudice before final submission of the case, subject to compliance with conditions precedent as may be imposed by the court.

6. ____. In those matters to which Neb. Rev. Stat. §§ 25-601 (Reissue 2016) and 25-602 (Cum. Supp. 2022) apply, the statutory right to voluntary dismissal under §§ 25-601 and 25-602 is not a matter of judicial grace or discretion, but neither is it absolute or without limitation.

7. **Wills: Parties.** Proceedings to probate a will are in rem, and every person interested in the subject matter is a party whether named or not.

8. **Wills: Dismissal and Nonsuit: Parties.** Parties to a proceeding to probate a will do not have the power to voluntarily dismiss because it is an in rem proceeding.

9. **Decedents' Estates.** Upon commencement of estate proceedings, the instant the petition is filed, the further operation or control of the matter passes out of the hands of the petitioner and into the hands of the court.

10. **Wills: Dismissal and Nonsuit: Parties: Jurisdiction: Presumptions.** A party attempting to dismiss the operative pleadings to probate a will and any will contest, before action has been taken by the court, cannot deprive the court of its jurisdiction and its power. A party may cease to become an active participant by attempting to dismiss the petition, but the petition would be presumed filed for the benefit of all persons interested.

11. **Wills: Dismissal and Nonsuit: Parties.** A court carries a duty to protect all parties interested in a probate proceeding, whether such parties are before the court or not, but may dismiss proceedings to probate a will in its discretion.

Appeal from the District Court for Douglas County: Nathan B. Cox, Judge. Reversed and remanded for further proceedings.

Daniel J. Welch and Damien J. Wright, of Welch Law Firm, P.C., for appellant.

Marnie A. Jensen, David A. Lopez, and Kamron T.M. Hasan, of Husch Blackwell, L.L.P., and John A. Svoboda, of Dvorak Law Group, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, and Freudenberg, JJ., and Kube, District Judge.

Miller-Lerman, J.
### NATURE OF CASE
In this will contest, Constance Ryan, a daughter of the decedent, appeals the order of the district court for Douglas County that dismissed a petition filed by her sister, Stacy Ryan, and Stacy's children (collectively Stacy), which challenged the validity of the 2015 will and codicil (2015 Will) of their late father, Dr. Wayne L. Ryan. The 2015 Will was subject

to informal probate. Stacy claimed that the 2015 Will was a product of undue influence, was signed when Wayne lacked sufficient legal capacity, or was not signed by Wayne. Stacy claimed that a 2004 will and a 2006 codicil (2004 Will) constituted the effective last will and testament of Wayne. The children of Wayne stood to benefit under the earlier testamentary instruments. Constance appeared in this case as an interested party. Certain original parties are no longer participating in this proceeding.

The order of dismissal was predicated on a "Joint Stipulation for Dismissal With Prejudice" in which the estate and children of Wayne, except Constance, represented that they had resolved claims and defenses in this matter and sought dismissal with prejudice. Because the record does not show that all interested parties were protected in this proceeding, we determine that the district court abused its discretion when it dismissed this matter. Accordingly, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

*Parties.*

Wayne died on November 3, 2017, at the age of 90. His children are Constance, Stacy, Timothy Ryan, Carol Ryan, and Steven Ryan. On December 7, Steven filed an "Application for Informal Probate of Will and Informal Appointment of Personal Representative," which sought to enter to probate the 2015 Will consisting of a "Last Will and Testament of Wayne L. Ryan," signed by Wayne on January 23, 2015, and a "First Codicil to Last Will and Testament of Wayne L. Ryan," signed by Wayne on October 6, 2015. Under the 2015 Will, the sole beneficiary of Wayne's estate was the trustee of the Wayne L. Ryan Revocable Trust, to be disposed of pursuant to the terms of the trust.

Wayne was the founder of Streck, Inc., a closely held Nebraska corporation owned primarily by family members. Constance is Streck's current president and chief executive officer.

*Estate Proceedings.*

Stacy petitioned to set aside the informal probate of the 2015 Will and to contest its validity in Wayne's estate proceedings in the county court for Douglas County. Stacy claimed that the effective last will and testament of Wayne was the will executed on April 2, 2004, modified by a codicil thereto on December 13, 2006. The children of Wayne stood to benefit under the 2004 Will. Stacy claimed that the 2015 Will was the product of undue influence, was signed when Wayne lacked sufficient legal capacity, or was not signed by Wayne. She alleged that beginning at least as early as 2012, Wayne had dementia and experienced small strokes that continued until his death. Stacy filed a notice to transfer her petition to set aside the informal probate of the will and to contest the validity of the will to the district court.

Steven, as the appointed personal representative of the estate, filed an answer generally denying allegations in the petition. Constance filed an appearance as an interested party.

In April 2020, Stacy unsuccessfully sought to consolidate this will contest with a pending trust and tort contest that was also docketed in the district court. See *Ryan v. Ryan, ante* p. 938, ___ N.W.2d ___ (2023). The parties filed a stipulation in the trust and tort contest that discovery produced in that case could be used in the will contest.

On November 25, 2020, Steven filed a motion for summary judgment. Stacy and Constance opposed the motion, and the court admitted extensive evidence. The district court overruled the motion for summary judgment because "genuine issues of material fact do still remain with respect to a number of issues in this matter including, but not limited to, [Wayne's] testamentary capacity in 2015, as well as whether he was unduly influenced to execute the 2015 Will and Codicil."

*Agreement and Stipulation.*

On February 8, 2022, Stacy, Timothy, Carol, Steven, and the estate filed a "Joint Stipulation for Dismissal With

Prejudice." The stipulation represented that "they have resolved claims and defenses in this matter and seek the Court's dismissal with prejudice of all claims and defenses stated or that could have been stated in this case." The impetus for the stipulation was an agreement approved after court-ordered mediation in the separate trust and tort case. Constance was not a party to the agreement and objected to the stipulation for dismissal of this will contest. The district court overruled Constance's motion and objection to the dismissal. On April 4, the district court entered an order, inter alia, which dismissed the case with prejudice "in accordance with the stipulation." Constance appeals.

## ASSIGNMENT OF ERROR

Constance assigns, consolidated and restated, that for a variety of reasons, the district court erred when it dismissed this will contest with prejudice.

## STANDARDS OF REVIEW

[1] The interpretation of statutes presents questions of law, and an appellate court reaches a conclusion independent of that reached by the lower court. See *Mollring v. Nebraska Dept. of Health & Human Servs., ante* p. 251, 983 N.W.2d 536 (2023).

[2] The decision to dismiss a proceeding to administer or probate an estate, including a will contest, is within the discretion of the trial court; an abuse of discretion occurs when the court does not protect the interests of all parties in the estate, whether before the court in person or not. See, *Hill v. Humlicek*, 156 Neb. 61, 54 N.W.2d 366 (1952); *In re Estate of Marsh*, 145 Neb. 559, 17 N.W.2d 471 (1945).

## ANALYSIS

The "Joint Stipulation for Dismissal With Prejudice" contained language to the effect that the parties thereto "have resolved claims and defenses in this matter" and the parties thereto "seek the Court's dismissal." We thus read the

language of the stipulation and the record as a whole as indicating that the parties to the stipulation consisting of the estate and Wayne's children, except Constance, had reached a compromise and were seeking a voluntary dismissal of this will contest. The record shows that Constance's interests will be impacted by dismissal. Constance contends that the court erred when it dismissed this matter without following the procedures in the Nebraska Probate Code relating to compromise, see Neb. Rev. Stat. §§ 30-24,123 and 30-24,124 (Reissue 2016), which correspond to Unif. Probate Code §§ 3-1101 and 3-1102, 8 (part II) U.L.A. 417 (2013), respectively. Constance also contends that the district court erred when it endorsed a purported voluntary dismissal of this will contest without protecting all interested parties. We find merit to Constance's arguments.

*Probate Code Compromises.*
Sections 30-24,123 and 30-24,124 provide a procedure for securing court approval of compromise agreements. Section 30-24,123 provides that to resolve

> any controversy as to admission to probate of any instrument offered for formal probate as the will of a decedent, the construction, validity, or effect of any probated will, the rights or interests in the estate of the decedent of any successor, or the administration of the estate . . . .

The policy reflected in these statutes is similar to the common law that allowed the court to review and approve family agreements. See 31 Am. Jur. 2d *Executors and Administrators* § 38 (2022). The tension between family agreements and the intent of the testator is discussed in a comment to the Uniform Probate Code, which states: "The only reason for approving a scheme of devolution which differs from that framed by the testator or the statutes governing intestacy is to prevent dissipation of the estate in wasteful litigation." Unif. Probate Code, *supra*, § 3-1102, Comment, 8 (part II) U.L.A. at 419. In light of this tension, the compromise

agreement must be "approved in a formal proceeding in the court" to become "binding on all the parties thereto including those unborn, unascertained, or who could not be located." § 30-24,123.

Section 30-24,124 provides the procedure for a court to formally review and approve a compromise proposal. The terms of the compromise must be in a written agreement and any interested person may submit the agreement to the court for its approval. § 30-24,124(1) and (2). Under § 30-24,124(3), in order to approve a compromise between the parties, the court must find that (1) "the contest or controversy is in good faith" and (2) "the effect of the agreement upon the interests of persons represented by fiduciaries or other representatives is just and reasonable." The interpretation of statutes presents questions of law, and an appellate court reaches a conclusion independent of that reached by the lower court. See *Mollring v. Nebraska Dept. of Health & Human Servs., ante* p. 251, 983 N.W.2d 536 (2023). We agree with courts interpreting identical statutes which have held that both parts of a two-part test must be satisfied for a court to approve a compromise. See, e.g., *Wilson v. Dallas*, 403 S.C. 411, 743 S.E.2d 746 (2013); Unif. Probate Code, *supra*, § 3-1102, comment, 8 (part II) U.L.A. 419. After notice to all interested persons or their representatives, and upon making the required findings, the court shall make an order approving the agreement. See § 30-24,124(3).

In the present case, there is no semblance of adherence to the foregoing procedure under § 30-24,124(3). We make no comment regarding whether and to what extent Constance would be bound by a compromise properly approved to which she was not a party or a compromise which impacted her interests to which she was not a party. In the present case, there is no record showing the district court reviewed the agreement or made the statutory findings as to its propriety, but nevertheless, it "dismissed with prejudice in accordance with the stipulation." Because the basis of the dismissal

was a compromise that had not been properly considered as required by § 30-24,124(3), the dismissal of the will contest by the district court based on the compromise was an abuse of discretion.

*Voluntary Dismissal of Action.*

[3,4] On appeal, it has been urged upon us, but not by Constance, that Stacy, as the petitioner in the case below, had the right to dismiss this will contest with prejudice under the civil procedure provisions of Neb. Rev. Stat. §§ 25-601 (Reissue 2016) and 25-602 (Cum. Supp. 2022). However, as we explain below, under Nebraska law, a will contest is an in rem proceeding and is not an action for purposes of statutes governing civil voluntary dismissal. Courts that exercise the power to dismiss proceedings for the probate of a will must protect the interests of all parties in the estate. See *In re Estate of Marsh*, 145 Neb. 559, 17 N.W.2d 471 (1945). In this case, we determine on this record that the district court abused its discretion when it dismissed all claims with prejudice without ensuring that the interests of all interested parties would be safeguarded.

[5,6] As an initial matter, we address the assertion that a voluntary dismissal by Stacy is subject to civil procedure statutes §§ 25-601 and 25-602, which codify the ability of a plaintiff to dismiss an action without prejudice. Generally, under these statutes, a plaintiff has the right to dismiss an action without prejudice before final submission of the case, subject to compliance with conditions precedent as may be imposed by the court. See *Schaaf v. Schaaf*, 312 Neb. 1, 978 N.W.2d 1 (2022). In those matters to which §§ 25-601 and 25-602 apply, the statutory right to voluntary dismissal under §§ 25-601 and 25-602 is not a matter of judicial grace or discretion, but neither is it absolute or without limitation. See *Schaaf v. Schaaf, supra*. However, as discussed below, these voluntary dismissal principles are not suited to a will contest proceeding.

[7] It is well settled in Nebraska that proceedings to probate a will are in rem, and every person interested in the subject matter is a party whether named or not. *In re Estate of Dickie*, 261 Neb. 533, 623 N.W.2d 666 (2001); *In re Estate of Emery*, 258 Neb. 789, 606 N.W.2d 750 (2000); *Clutter v. Merrick*, 162 Neb. 825, 77 N.W.2d 572 (1956). See, similarly, *In re Estate of Brinkman*, 308 Neb. 117, 953 N.W.2d 1 (2021) (stating interested parties to estate may appeal, whether they appeared in lower court or not).

[8-10] We have held that the parties to a proceeding to probate a will do not have the power to dismiss because it is an in rem proceeding. See *Hill v. Humlicek*, 156 Neb. 61, 54 N.W.2d 366 (1952); *In re Estate of Marsh, supra*. Upon commencement of estate proceedings, "[t]he instant the petition is filed the further operation or control of the matter passes out of the hands of the petitioner and into the hands of the court." *In re Estate of Glover*, 104 Neb. 151, 158, 175 N.W. 1017, 1019-20 (1920). We have observed that "[w]here the court is called upon to determine the probate of a will, it is acting upon the res of the estate . . . ." *In re Estate of Sweeney*, 94 Neb. 834, 835, 144 N.W. 902, 902 (1913) (emphasis omitted) (syllabus of the court). A party attempting to dismiss the operative pleadings to probate a will and any will contest, before action has been taken by the court, cannot deprive the court of its jurisdiction and its power. See *Hill v. Humlicek, supra* (citing *In re Estate of Glover, supra*). A party may cease to become an active participant by attempting to dismiss the petition, but the petition would be presumed filed for the benefit of all persons interested. See *In re Estate of Glover, supra*.

[11] A court carries a duty to protect all parties interested in a probate proceeding, whether such parties are before the court or not, but may dismiss proceedings to probate a will in its discretion. See *In re Estate of Marsh*, 145 Neb. 559, 17 N.W.2d 471 (1945). When exercising the court's power over probate proceedings, "it is the duty of the court to protect

all parties to the proceeding, whether before the court in person or not, and any failure to do so is subject to review." *Id*. at 565, 17 N.W.2d at 475-76.

The adoption of the Uniform Probate Code, which does not supply a procedure for dismissal, leaves the above principles of law intact. See, also, *Mamoulian v. St. Louis University*, 732 S.W.2d 512 (Mo. 1987) (holding that will contest may not be voluntarily dismissed under Uniform Probate Code). In this regard, we note that Neb. Rev. Stat. § 30-2203 (Reissue 2016) provides that "[u]nless displaced by the particular provisions of this code, the principles of law and equity supplement its provisions." Accordingly, we continue to adhere to the principles just recited and apply them to this case.

As noted, dismissal of a proceeding to probate an estate is an abuse of discretion when it does not protect the interests of all parties in the estate, whether before the court in person or not. Constance was an "interested person" as a child of the decedent, see Neb. Rev. Stat. § 30-2209(21) (Reissue 2016), and a beneficiary under the 2004 Will if it was found to be controlling. Stacy's objection to the probate of the 2015 Will is presumed to have been filed on behalf of all interested persons. The district court made no rulings showing its consideration of or its adherence to its duty to protect the interests of all parties interested in the estate, and on the record provided, it did not inquire if the compromising parties resolved the matter for their benefit to the exclusion of Constance, who stood in the same position. See *Mamoulian v. St. Louis University, supra*. Because the court had not determined the validity of any of the testamentary instruments, the will contest should have remained pending even if some parties no longer intended to participate in it. In this situation, Neb. Rev. Stat. § 30-2429.01(4) (Cum. Supp. 2022) provides in part that "[t]he district court may order such additional pleadings as necessary and shall thereafter determine whether the decedent left a valid will." Because the district court abused its discretion when it dismissed the matter and the validity of the

2015 Will has not been resolved, we reverse, and remand for further proceedings.

## CONCLUSION

The district court abused its discretion when it dismissed the will contest with prejudice. Accordingly, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STACY, FUNKE, and PAPIK, JJ., not participating.